[Filed December 16, 1890.]

## J. W. COOK *v.* CITY OF ALBINA.

APPEAL—TRANSCRIPT FILED PREMATURELY.—A transcript filed in this court before the time allowed by law for excepting to sufficiency of the sureties on the appeal is filed prematurely, and such appeal is not perfected by afterwards filing a new under taking in the court below without leave, and more than ten days after the service of notice, nor by having the surety justify on notice more than five days after such exception.

Multnomah county: E. D. SHATTUCK, Judge.

Plaintiff appeals. Dismissed.

The notice of appeal in this case was served on the 1st day of March, 1890. The undertaking on appeal was filed the same day. The transcript was filed in this court on the 4th day of March, 1890. The case was continued at the March

term.   On the 6th day of March, 1890, the respondent's
attorney gave notice that he excepted to the sufficiency of
the sureties on appeal.   On the 15th day of October, 1890,
the appellant's counsel gave notice that he would produce
the surety before the clerk on the 17th of October, 1890, for
the purpose of justifying.   On that day a new undertaking
with the same surety was executed and filed in the court
below.   The said L. E. Thompson, surety, also justified as
surety on the previous undertaking, of which fact the clerk
made and filed a certificate.   The present term of this court
commenced on the 6th day of October, 1890.   On the 13th
day of said month, on motion of appellant, he was allowed
time in which to perfect his appeal.

*John M. Gearin,* for Appellant.

*P. L. Willis,* and *C. H. Carey,* for Respondent.

Strahan, C. J.— The respondent's motion to dismiss the
appeal, for the reason that the same has never been per-
fected as required by law, was submitted under the direc-
tion of the court, with an argument upon the merits.   Also,
appellant filed a motion for leave to be permitted to file an
undertaking on appeal in this court now, which was also
submitted with an argument on the merits.   As will be
seen from the statement of facts, the appellant filed his
transcript in this court prematurely, that is, before respond-
ent's time allowed by law for excepting to the sufficiency of
the sureties had expired; and within the time allowed by
law, the respondent did except to the sufficiency of the
surety.   In a similar case it was held by this court that, in
legal contemplation there was no undertaking for the appeal.
(*Simison* v. *Simison,* 9 Or. 335.)   Whether, as in this case,
when the transcript is filed in this court prematurely, and
before the appeal is or can be perfected in the court below,
this court acquires any jurisdiction to allow anything to be
done here by way of perfecting the appeal, may well be
doubted.   At the time the transcript was filed in this court,
the cause was still pending in the court below for the pur-
pose of the justification of the surety.   It is only from the

*expiration* of the time allowed to except to the sureties in the undertaking, or from the *justification* thereof, if excepted to, that the appeal shall be deemed perfected. (Subd. 4, § 537, Hill's Code.) The appeal was inchoate and imperfect, then, when the transcript was filed, and, in such a state of the record, it may well be doubted whether this court ever acquired any jurisdiction over the appeal. But waiving this objection, the appeal is still imperfect. At the present term, on the application of the appellant's attorney, he was allowed time in which to perfect his appeal. He did not specify in what particular he deemed his appeal imperfect, and the court was not then advised of the state of the record. Instead of applying for leave to file an undertaking, he gave notice of the justification of the surety on the first undertaking long after the time fixed by law for such justification, and he also filed a new undertaking in the court below. None of these proceedings tended in any way to perfect or aid the appeal. To assume the authority of allowing an undertaking to be filed at the last moment, under all the circumstances, would be going a step beyond any precedent to be found in this court.

For the reason that the transcript was filed before the appeal was perfected, and for the further reason that no sufficient undertaking has been given, as required by law, the appeal must be dismissed.