## GRAF *v.* PEARCY.

(149 Pac: 532.)

**Appeal and Error—Transcript—Jurisdiction.**

1. An appellant was not entitled to file a transcript or abstract until the expiration of the time to except to the sureties on the undertaking, so that the filing of the transcript before the expiration of such time was premature, and gave the Supreme Court no jurisdiction.

**Appeal and Error—Undertaking—Substitution.**

2. Under Section 268, L. O. L., allowing defendant ten days to give the plaintiff notice of the justification of bail, and that in case other bail is given there shall be a new undertaking in the form and to the effect prescribed in Section 262, if the first undertaking is insufficient, the appellant must first get leave of court to file a new undertaking.

From Multnomah: WILLIAM N. GATENS, Judge.

In Banc.    Statement by MR. JUSTICE EAKIN.

This is an action by Anna Graf against J. N. Pearcy and C. H. Jacobs.    From a judgment in favor of plaintiff, the defendant, J. N. Pearcy, appeals.    Plaintiff and respondent files motion to dismiss the appeal.

MOTION ALLOWED.

*Mr. Arthur Langguth* and *Mr. H. L. Lyons,* for the motion.

*Mr. Ed. Mendenhall* and *Mr. W. F. Magill, contra.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. This is a motion by the respondent to dismiss the appeal.    The judgment was rendered on December 9, 1914, and defendant Pearcy filed a notice of appeal February 16, 1915, and an undertaking on appeal the same day.    On the 19th of February, 1915, the respondent filed exceptions to the sureties on the undertaking on appeal.    The appellant failed to produce said sureties for the purpose of justification within the time allowed by law, and on February 25, 1915, filed a new undertaking with a different surety without notice to the respondent or leave of the court first obtained.    The appellant filed a transcript in this court on the 18th of March, 1915, and thereafter asked leave of this court to file said second undertaking.    He was not entitled to file a transcript or abstract until the expiration of the time to except to sureties on the undertaking had expired.    Therefore, when the transcript was filed in this case, the same was premature, and gave this court no jurisdiction: See *Cook* v. *City of Albina,* 20 Or. 190 (25 Pac. 386).

2. A party is not entitled to substitute a new undertaking with different sureties under Section 268 of the Code. If the first undertaking is insufficient for any reason the appellant must first get leave of court to file a new undertaking: *Simison* v. *Simison,* 9 Or. 333, approved in *Chambers* v. *Everding & Farrell,* 71 Or. 521, 525 (136 Pac. 885, 143 Pac. 616).

The motion to dismiss is allowed.

MOTION ALLOWED.

MR. JUSTICE BEAN delivered the following dissenting opinion.

The present case differs from that of *Cook* v. *City of Albina,* 20 Or. 190 (25 Pac. 386). In the latter the appellant was given an opportunity in this court to perfect his appeal, which he failed to do. For that reason, coupled with the fact that the transcript was prematurely filed, the cause was dismissed. According to the majority opinion, the transcript on appeal in the case at bar was in the hands of the clerk at the time for filing the same, and I see no good reason for denying a hearing on that ground alone.

Section 550, subdivision 4, L. O. L., provides in part:

"When a party in good faith gives due notice as hereinabove provided of an appeal from a judgment, order, or decree, and thereafter omits, through mistake, to do any other act (including the filing of an undertaking as provided in this section) necessary to perfect the appeal or to stay proceedings, the court or judge thereof, or the appellate court, may permit an amendment or performance of such act on such terms as may be just."

This statute furnishes an ample remedy if the attempt to file an undertaking herein is ignored.