Argued on motions to dismiss appeal, for an injunction and for cita-
tion for contempt, January 10, denied January 21, appeal dis-
missed on motion of appellant, February 14, 1919.

# HELMS GROOVER & DUBBER CO. *v.* COPEN-HAGEN.

### (177 Pac. 935.)

**Appeal and Error—Undertaking.**

1. An undertaking on appeal to satisfy the decree, if affirmed, and
to deliver certain personal property, *held* to comply with Section 551,
subdivisions 1 and 3, L. O. L., and not to limit the security to a
specific amount.

**Appeal and Error—Corrections in Record—Where Made.**

2. If there is any error in the orders of the trial court as entered
in the record, application for a correction thereof should be made in
the trial court and not the appellate court.

**Appeal and Error—Jurisdiction of Trial Court—Corrections of Errors.**

3. As a general rule, the pendency of an appeal does not divest the
trial court of the power to correct its record so as to conform to
the truth and truly set forth the proceedings as they actually oc-
curred.

**Appeal and Error—Stay of Proceedings—Revocation of Order.**

4. A notation on an undertaking on appeal, "Bond is hereby ap-
proved without affecting decree or changing same in any way," did
not revoke an order staying proceedings, made after delivery of the
decree.

**Appeal and Error—Effect of Appeal on Writ of Error.**

5. According to the common law, a writ of error operated *per se*
as a supersedeas and prevented the issuance of execution to enforce
the judgment, and the same effect was also given to an appeal in
chancery.

**Appeal and Error—Stay of Proceedings—Effect of Appeal.**

6. An appeal from a decree granting a prohibitory injunction which
is self-executing and requires no affirmative action, merely maintain-
ing the *status quo* pending the appeal, does not suspend the injunction,
but a mandatory injunction compelling affirmative action cannot be
enforced pending a duly perfected appeal.

**Appeal and Error—Stay of Proceedings—Power of Courts.**

7. It is the general rule that either the lower or appellate courts,
according to the circumstances, have inherent power to grant a stay
of proceedings pending an appeal, even where there is no statute
entitling a party to such stay; but, where there is a statute, its
conditions must be complied with.

**Appeal and Error—Undertaking on Appeal—Care of Personal Property.**

8. In a suit involving patented machines, it was appropriate for the trial court to impose the condition that the defendants give an undertaking on appeal and continue to operate the machines; it being better for all concerned that the operation thereof should not cease during the litigation.

**Appeal and Error—Jurisdiction—Supreme Court—Injunction.**

9. Notwithstanding Article VII, Section 2, of the Constitution, and Section 6 prior to amendment in 1910, the Supreme Court in order to preserve the subject matter of an appeal pending a hearing on the merits, may issue a restraining order to aid or protect its appellate jurisdiction.

**Appeal and Error—Care of Property Pending Appeal.**

10. Where the trial court has made temporary provision for the care and management of personal property pending appeal, the Supreme Court will not ignore or lightly disturb the order.

**Appeal and Error—Supersedeas—Contempt.**

11. When an appeal is taken from an order granting a prohibitory injunction, the trial court still retains judisdiction pending the appeal to punish, as a contempt, the violation of the injunction; the contempt proceedings being wholly independent of the appeal.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

In Banc.

A decree was entered in the Circuit Court in the above-entitled case on the eighteenth day of October, 1918, whereby it was decreed that a certain contract between the plaintiff and defendants be rescinded and annulled. It was further ordered that the defendants be restrained and enjoined from the further use or control of an invention known as the "Helms Groover and Dubber" and described in the application filed in the United States patent office, September 22, 1917, and enjoining the defendants from the further manufacture or sale of said invention, and from making any contracts therefor; and also ordered:

"The defendants to turn over to the plaintiff within five days from this date, all machines known as the 'Helms Groover and Dubber' which had been purchased or in any way acquired out of the proceeds of

the business conducted by the said defendants in connection with the aforesaid contract from the time the same was entered into to date hereof."  .

It appears by the original contract between the plaintiff and defendants, which was rescinded by the decree, that the Copenhagen Brothers agreed to take over this patent, manufacture, sell and operate the machines and divide the profits with the plaintiff.   On account of an alleged violation of the contract, the same was rescinded.

On the twenty-first day of October, 1918, defendants filed a notice of appeal to this court.   On the same date, the defendants obtained an order of the court:.

"That the defendants shall have the right pending the final determination of this cause in the appellate court to operate sixteen (16) machines known as the Helms Groover and Dubber machines, but no more, and that as a condition to said operation they shall file a bond in favor of the plaintiff in the sum of Ten Thousand ($10,000) Dollars."

Thereafter, the defendants filed two separate undertakings on appeal to which objections were made and sustained by the court.   On November 7, 1918, defendants filed an undertaking on appeal with the United States Fidelity and Deposit Company as surety thereon.   The court approved the undertaking in the following language:

"Bond is hereby approved without affecting decree or changing same in any way, November 7, 1918."

By an order dated November 8, 1918, the court made a formal order approving the undertaking and declaring it "to be in the aggregate amount fixed by the court for the performance of the several obligations therein."                    MOTIONS DENIED.

*Mr. Thomas Mannix* and *Mr. George Arthur Brown,* for the motions.

*Mr. Alfred P. Dobson* and *Mr. Robert Krims, contra.*

BEAN, J.—The plaintiff moves the court for a dismissal of the appeal for the reason that the undertaking is limited in the sum of ten thousand ($10,000) dollars; and also asks that defendants be restrained from further operating the machines.

After the formal part of the undertaking in question—

It first provides that the defendants and their surety, "do hereby jointly and severally undertake and promise on the part of said defendants and appellants that defendants and appellants will pay to the plaintiff all damages, costs and disbursements which may be awarded it on said appeal, and further that said defendants and appellants will satisfy said decree or judgment so far as it may be affirmed on appeal if the same or any part thereof be affirmed on appeal."

This portion of the undertaking is in strict compliance with Section 551, subdivision 1, L. O. L.   It is not limited.

The undertaking further provides that

"Said principals and surety do further jointly and severally undertake and promise on the part of said defendants and appellants in the sum of $10,000; that the said defendants and appellants will obey the decree of the appellate court as to the transfer or delivery of any of the personal property required to be transferred or delivered and will render such an account and pay such sums for the continued operation, pending the appeal, of the said personal property as may be decreed, ordered, or adjudged by the appellate court."

Subdivision 3 of Section 551, L. O. L., directs as follows:

"If the decree appealed from require the transfer or delivery of any personal property, unless the things required to be transferred or delivered be brought into court, or placed in the custody of such officer or receiver as the court may appoint, that the appellant will obey the decree of the appellate court. The amount of such undertaking shall be specified therein, and be fixed by the court or judge thereof."

1. The undertaking approved by the court is substantially the same in form as the two prior undertakings which were tendered and rejected. No objection appears to have been made to the form of either of the undertakings, but only to the surety on the first two. The further undertaking above quoted appears to be in compliance with subdivision 3 of Section 551 as well as with the order of the court relating to the use of the machines. This subdivision, it will be noticed, directs the court to fix the amount of the undertaking, which amount must be specified therein. We fail to see any defect in this undertaking or any provision that in any way conflicts with the requirements of Section 551. The decree provided for the transfer of certain personal property, and it was therefore appropriate for the trial court to fix the amount of such further undertaking pursuant to subdivision 3.

Some objection is made for the reason that counsel for plaintiff were not present on October 21, 1918, when the court made the order fixing the amount of the undertaking, and limiting the operation of the machines. The order recites that the plaintiff appeared by its attorneys George Arthur Brown and Thomas Mannix, and the defendants appeared by their attorneys Robert Krims and Roscoe R. Johnson, and that it appeared to the court:

"That the defendants have heretofore filed a notice of appeal and it having been agreed upon in open court by and between the attorneys for the respective parties that the defendants should operate only sixteen (16) of the machines known as 'Helms Groover and Dubber' machines and no more pending the determination of this cause upon appeal."

2, 3. If there is any error in the orders of the court, as entered in the record, a correction thereof should be made upon proper application therefor in the trial court. An appeal does not deprive the trial court of all power to act pending the appeal. As a general rule, the pendency of an appeal does not divest the trial court of the power to correct its record so it will conform to the truth, and truly set forth the proceedings as they actually occurred: 2 R. C. L., § 95, p. 120; *Pach* v. *Geoffroy,* 65 Hun, 619 (19 N. Y. Supp. 583). In 1 Joyce on Injunctions, Section 72, the author states:

"Pending appeal by defendant from a judgment and enjoining the operation of certain machinery on certain premises, it is in the discretion of the trial court to stay enforcement of the judgment. * * *"

4. The notation made by the trial court upon the undertaking at the time of its approval did not revoke the order of October 21, 1918, regulating the stay of proceedings. The motion to dismiss the appeal is not well grounded, and is denied.

### INJUNCTION.

Plaintiff moves the court for an order restraining the defendants from operating the machines contrary to the decree.

5, 6. According to the common law, a writ of error operated *per se* as a *supersedeas* and prevented the issuance of execution to enforce the judgment, and the

same effect was also given to an appeal in chancery. This matter is now governed by statutory provisions which, as a general rule, expressly prescribe what judgments, orders or decrees may be superseded, and upon what conditions. As a general rule, proceedings upon any appealable judgment or order, except in a few enumerated cases, may be superseded upon the filing of a sufficient undertaking. Ordinarily the perfecting of an appeal from a judgment, decree or order stays only affirmative proceedings thereunder. An appeal from a decree granting a prohibitory injunction, which is self-executing and requires no affirmative action, merely maintaining the *status quo* pending the appeal, does not suspend the injunction. On the other hand a mandatory injunction, that is, one which compels affirmative action by the defendant instead of merely preserving the *status quo,* cannot be enforced pending a duly perfected appeal: 2 R. C. L., § 97, p. 122; 22 Cyc. 1010. See, also, *Day* v. *Holland,* 15 Or. 464 (15 Pac. 855); *Toy* v. *Gong,* 87 Or. 454 (170 Pac. 936); 3 C. J., § 1392, p. 1272, et seq.

7, 8. It is the general rule that either the lower or appellate court, according to the circumstances, has inherent power to grant a stay of proceedings pending an appeal even where there is no statute entitling a party to such stay. Where the right to a stay is entirely regulated by statute, or where the statute prescribes the conditions upon which it may be obtained or allowed, the courts cannot grant a stay of proceedings in a case which is not within the statute, or in the absence of compliance with the prescribed conditions: 3 C. J., § 1408, p. 1286; and also § 1410, p. 1289. In the case at bar, the defendants having complied with the conditions of the statute in regard to the undertaking on appeal, it was appropriate for the trial court,

in the exercise of its discretion, to regulate the matter of operating the patented machines involved, and to impose the condition that the defendants give the undertaking, which requirement is in part, supplemental to and in aid of the provisions of the statute. The machines are used in shipbuilding, and it would seem better for all concerned that the operation thereof should not cease during the litigation.

9, 10. Although the Constitution of Oregon, Article VII, Section 2, and Section 6 prior to the amendment of Article VII in 1910, confers upon the Supreme Court jurisdiction only to review the decisions of the Circuit Courts, except that it may in its decision take original jurisdiction in *mandamus, quo warranto* and *habeas corpus* proceedings, yet in order to preserve the subject matter of the appeal pending a hearing upon the merits, this court may issue a restraining order to aid or protect its appellate jurisdiction: *Livesley* v. *Krebs Hop Co.,* 57 Or. 352 (97 Pac. 718, 107 Pac. 460, 112 Pac. 1). However, where the trial court has made temporary provision for the care and management of personal property involved in the case, during the pendency of the appeal, the necessity for an order to protect or preserve the property which is the subject matter of the appeal is obviated. Under such circumstances, this court will not ignore or disturb the order of the trial court regulating the stay of the proceedings. When the trial court has thus exercised its discretion, particularly when the order is based upon a stipulation of counsel for the respective parties, the appellate court will be loath to disturb such an order: 22 Cyc. 970–1002. The order regulating the use of the machines was made prior to the perfection of the appeal and while the trial court has full jurisdiction of the

cause: See Ency. of Pl. & Pr., p. 1231d, and notes on p. 1232. The motion for a restraining order is denied.

## APPLICATION FOR CITATION FOR CONTEMPT.

11. The plaintiff moves that the defendants be cited for contempt for a violation of the decree of the lower court appealed from. If there has been any violation of any part of the decree which was not stayed by virtue of the undertaking on appeal, or by the order of the trial court, the proper forum for an investigation of that matter is in that court. The decree in this case grants an injunction which is prohibitory and also mandatory.

When an appeal is taken from an order granting a prohibitory injunction, the trial court still retains jurisdiction pending the appeal to punish as a contempt, the violation of the injunction, as the contempt proceedings is wholly independent of the appeal, or any question to be considered by the appellate court: *Barnes* v. *Chicago Typographical Union,* 232 Ill. 402 (83 N. E. 932, 122 Am. St. Rep. 129, 14 L. R. A. (N. S.) 1150, and note); 3 C. J., § 1456, p. 1325.

We find no precedent in this state for this court to grant the application on account of a violation of an order of the lower court. The application for the citation is therefore denied. The opinion in *Re Vinton,* 65 Or. 422 (132 Pac. 1165), is instructive in regard to both features of this phase of the case: See, also, *State ex rel.* v. *Downing,* 40 Or. 309–326 (56 Pac. 863, 66 Pac. 917).                    MOTIONS DENIED.

BURNETT and JOHNS, JJ., not sitting.

Appeal dismissed on motion of appellant February 14, 1919.
                                        REPORTER.