Argued November 3, injunction allowed December 30, 1925.

# F. E. FRENCH AND ANNA FRENCH v. C. F. & T. COMPANY ET AL.

### (241 Pac. 1010.)

**Appeal and Error—Decree Entered on Bar Docket Became Final Unless Set Aside.**

1. When court rendered decree on October 10th, and decree was entered by the clerk on the bar docket, it became final, unless set aside, and at any time thereafter either party had right to appeal, and the fact that the journal entry was not spread on the journal until October 26th did not prevent appeal prior thereto, and notice of appeal filed October 15th was not premature under Section 550, subdivision 5, Or. L.

**Appeal and Error—Ordinarily Transcript Should not be Filed Until Time for Objection to Surety Expires.**

2. In view of Section 550, subdivision 4, Or. L., ordinarily a transcript should not be filed in the Supreme Court until time for objecting to sufficiency of the surety on the undertaking has expired.

**Appeal and Error — Appeal Undertaking Held Ample to Protect Plaintiffs.**

3. Plaintiffs held amply protected by undertaking to stay execution under Section 551, subdivision 1, Or. L., where surety was a surety company and surety was not limited as to amount.

**Appeal and Error—Defendants Entitled to have Property Remain as It is Until Appeal Determined.**

4. Where litigation involved stock of merchandise, and decree directed receiver to take possession and sell it, pay debts of defendant corporation, and distribute surplus among stockholders, defendants, on filing of ample undertaking under Section 551, subdivision 1, Or. L., *held* entitled to have property remain as it was until appeal was determined.

---

Appeal and Error, 3 C. J., p. 1055, n. 34, p. 1158, n. 3, p. 1285, n. 34; 4 C. J., p. 469, n. 99.

From Josephine: C. M. THOMAS, Judge.

In Banc.

This cause is here upon the application of the defendants, who are appellants for an injunctive order staying proceedings pending the appeal. The plain-

tiffs who are respondents have appeared specially opposing the motion on the ground that the attempted appeal was prematurely taken. The appeal is from a decree in favor of the plaintiffs appointing a receiver for the defendant corporation with directions to the receiver to take possession of all the property of said defendant, sell the same and hold the money subject to the order of the court. The decree was rendered on the tenth day of October, 1925. At the request of the judge rendering the decree the journal entry was sent by the clerk of the court of Josephine County to the judge at Jacksonville. Incorporated in the journal entry is a provision to the effect that said decree would not become effective until five days thereafter. At the expiration of that period and on the fifteenth day of October, the judge indorsed on the decree an order staying execution for seven days. The journal entry was not spread on the journal until the twenty-sixth day of October, 1925. In the meantime the attorneys for defendants gave notice of appeal to this court. At that time they did not know that the journal entry had not been spread upon the journal. The attorneys for defendants reside at Medford and had a copy of the decree certified by the clerk of the court for Josephine County to the effect that the decree was rendered and entered on the bar docket on the tenth day of October, 1925. The notice of appeal was filed October 15, 1925, and the undertaking six days later. The transcript was filed in this court October 22, 1925. The ground for opposing the application for a stay of execution pending the appeal to this court is based on Section 550, subdivision (5), Or. L., which provides that said notice shall be given

within sixty days from the entry of the judgment,
order or decree appealed from.

INJUNCTION ALLOWED.

For the motion there was a brief over the name of
*Messrs. Reames & Reames,* with an oral argument by
*Mr. Charles W. Reames.*

*Contra,* there was a brief over the names of *Mr.
W. T. Miller* and *Mr. A. C. Hough,* with an oral argu-
ment by *Mr. Hough.*

COSHOW, J.—1. When the court rendered its de-
cree on the tenth day of October, 1925, and that decree
was entered by the clerk on the bar docket, the decree
became final unless set aside. The certified copy of
the decree attached to the notice of appeal shows that
the decree was so rendered and entered on the journal
on the tenth day of October, 1925. Any time after
that date either party had the right to appeal there-
from. Spreading the journal entry on the journal
is purely a ministerial act and the failure of the clerk
to promptly spread the journal entry on the journal
does not change the finality of the decree or prevent
an appeal therefrom.

2. No objection was made in the Circuit Court to
the sufficiency of the undertaking on appeal. Ordi-
narily a transcript should not be filed in this court
until time for objecting to sufficiency of the surety has
expired: Section 550, subd. (4), Or. L. Filing the
transcript while objections to the surety on the under-
taking were pending before the Circuit Court was
held to be premature in *Graf* v. *Pearcy,* 76 Or. 488
(149 Pac. 532). But where no objections to the surety
were made, and application was made in this court

for a restraining order pending appeal, filing a transcript in this court before expiration of the time allowed for excepting to the sureties was held not to be premature in *Grand Prize Hydraulic Mines* v. *Boswell,* 83 Or. 1 (151 Pac. 368, 162 Pac. 1063).

3, 4. Another question raised in opposition to the motion was the sufficiency of the undertaking on appeal. The attorneys for the appellants applied to the circuit judge for an order fixing the amount of the undertaking for the purpose of staying execution pending the appeal. The difference of opinion about the amount of that undertaking between the circuit judge and the attorneys for appellants resulted in the appellants filing an undertaking for the purpose of staying execution, under Section 551, subdivision 1. The surety on the undertaking is a surety company authorized to become sureties on such obligations in this state. It is not limited as to the amount. We believe that it amply protects the plaintiff. The nature of the litigation is such that the property involved would in all probability be destroyed pending the appeal. The property is a stock of merchandise and the decree directs the receiver to take possession of it and sell it, pay the debts of the defendant corporation and distribute ultimately any surplus remaining among the stockholders. We believe the appellants are entitled to have the property remain as it is until the appeal shall have been determined in this court: *Helms, Groover & Dubber Co.* v. *Copenhagen,* 93 Or. 416 (177 Pac. 935); *Grand Prize Hydraulic Mines* v. *Boswell,* 83 Or. 1–4 (151 Pac. 368, 162 Pac. 1063).

For these reasons the application for an order staying proceedings pending the appeal is granted.

                              INJUNCTION ALLOWED.

Mr. Justice BURNETT took no part in this opinion.