Argued December 3, 1974, affirmed January 30, 1975

## MALICK ET UX, *Respondents, v.* MALICK, *Appellant.*

530 P2d 1243

*Frank G. MacMurray, Jr.,* Redmond, argued the cause and filed a brief for appellant.

*Harrison M. Weatherford,* Albany, argued the cause and filed a brief for respondents.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL, BRYSON and SLOPER, Justices.

184

BRYSON, J.

This is an appeal from a judgment order of the trial court voiding an Order for Renewal of Judgment and quashing the execution issued thereon. The only record before us is the trial court file.

The original suit for an accounting was filed March 18, 1949. A decree and money judgment therein was filed October 1, 1955, in favor of the defendant on his counterclaim. The plaintiffs appealed to this court, *Malick et ux v. Malick,* 208 Or 107, 298 P2d 841 (1956), wherein we affirmed the decree of the trial court as modified. The trial court entered judgment on the mandate on October 20, 1965, nunc pro tunc as of July 13, 1956.

On October 20, 1965, on motion of defendant, the trial court entered an Order for Renewal of Judgment. It is the trial court's judgment order of March 8, 1974, voiding the October 20, 1965, order renewing judgment and quashing execution thereon that defendant appeals from.

The trial court, in voiding the renewal of judgment, held that the appeal to this court, with resultant modification, did not vacate the original trial court decree and judgment entered October 1, 1955, and therefore "the 10 year period for renewal[1] had expired by the time of the filing of the order for renewal on October 20, 1965." We affirm.

---

① ORS 18.360:

"Whenever, after the entry of a judgment, a period of 10 years shall elapse, the judgment and the lien thereof shall expire. However, before the expiration of 10 years the circuit court in which such judgment was docketed, on motion, may renew such judgment and cause a new entry of the same to be made in the judgment docket, after which entry the lien of the judgment shall continue for another 10 years unless sooner satisfied, and after which entry execution may issue upon such judgment for another 10 years."

The defendant contends that the perfection of appeal to this court "acted to vacate the said decree [of the trial court, October 1, 1955] and nullified the determination of the rights of the parties theretofore made." Defendant argues that the decree and judgment of October 1, 1955, was thereby vacated and "there was no decree from which the ten year statutory period for the renewal of judgments could be measured until such time as the Supreme Court had tried the case de novo."

Plaintiffs contend that the decree and judgment entered on October 1, 1955, expired 10 years after that date and could not be renewed by an order of renewal dated October 20, 1965, which was 20 days after the statutory period of 10 years had passed.

Defendant relies primarily on *City of Portland v. Kamm*, 5 Or 362 (1874), and *In Re McKinney's Estate*, 175 Or 28, 40, 149 P2d 980 (1944). *In Re McKinney's Estate, supra,* involved an appeal from a county court in probate to the circuit court. The then applicable statutes, OCLA §§ 10-810, 10-813(3), required de novo review and that the decree of the circuit court, the appellate court in that instance, "be enforced as a decree of such [circuit] court."[2] In this context we held that "when the appeal is taken to the circuit court, the judgment of the county court is vacated." Similarly, *City of Portland v. Kamm, supra,* involved an appeal from the city council to the circuit court. The applicable statute, Deady, General Laws of Oregon, Civil Code ch 6, § 536, at 221-22 (1874), required that the appeal proceed "as if the action or suit had been commenced in said [circuit] court." This

[2] This is the same procedure as used in appeals from justice and district courts to the circuit courts. ORS 53.125.

court held that the statute required de novo review and that the rights of the parties were governed by the determination of the circuit court, the decision of the city council having been vacated and merged in the decision of the circuit court.

■ Defendant contends that the principal enunciated in these two cases should be applied to the case at bar and refers us to the dissenting opinion in *Day v. Holland,* 15 Or 464, 15 P 855 (1887). Notwithstanding the dissenting opinion, this court has consistently reaffirmed the majority opinion in *Day v. Holland, supra,* to the effect that an appeal to this court from the circuit court does not vacate or nullify the decree sought to be reviewed. *See Nessley v. Ladd,* 30 Or 564, 567-68, 48 P 420 (1897); *Knight v. Hamaker,* 33 Or 154, 157, 54 P 277 (1898); *Helms Groover & Dubber Co. v. Copenhagen,* 93 Or 410, 415-18, 177 P 935 (1919); *Jaloff v. United Auto Indemnity Exch.,* 121 Or 187, 193, 253 P 883 (1927); *Mignot v. Mignot,* 187 Or 142, 145-46, 210 P2d 111 (1949); *Thompson v. Thompson et al,* 233 Or 262, 270, 378 P2d 281 (1963). *See also State ex rel. v. Dobson,* 171 Or 492, 503, 135 P2d 794, 137 P2d 825 (1943) (pending appeal, judgment creditor may proceed to examine judgment debtor); *Harvey Alum. v. School District No. 9,* 248 Or 167, 172-74, 433 P2d 247 (1967) (pending appeal, levy, collection and disposition of taxes based on original decree should not be disturbed by later decree entered in conformance with Supreme Court mandate); ORS 19.060 (judgment creditor may enforce decree in contract suit notwithstanding perfection of appeal and filing of undertaking by debtor).

■ Defendant's argument for reversal is predicated on the assumption that the original decree was vacated

by effecting appeal in the Supreme Court. We have consistently held to the contrary. We know that following the trial, the original decree was entered on October 1, 1955. If no appeal had been perfected, the decree and judgment would have expired 10 years after that date.

This court has consistently followed the position taken by the trial court.

Affirmed.