Argued June 8, opinion affirmed September 26, 1978

STATE ex rel McKINLEY
AUTOMOTIVE, INC., *Relator-Respondent,*
*v.*
OLDHAM, *Appellant.*
(No. 76-1105, SC 25247)

584 P2d 741

K. Patrick Neill, Eugene, argued the cause for appellant. With him on the briefs were Wilson C. Muhlheim, and Vonderheit, Hershner, Hunter, Miller, Moulton & Andrews, Eugene.

Jack A. Gardner, Eugene, argued the cause for respondent. With him on the brief was Gardner, Honsowetz & Johnson, Eugene.

Before Holman, Presiding Chief Justice, and Howell, Bryson, and Lent, Justices.

BRYSON, J.

**BRYSON, J.**

This is a civil contempt proceeding in which defendant was found in contempt of court and sentenced for violating an order of the trial court enjoining defendant from engaging in certain activities. Defendant appeals.

There are two issues on appeal. Could the trial court hold the defendant in contempt for violating its order enjoining defendant even though defendant had duly perfected his appeal to this court from the suit in which the injunction was issued?[1] Was the injunction prohibitory or mandatory in nature?

Briefly, the issues arose from the following facts. After trial in a suit to enforce a covenant not to compete, plaintiff obtained the decree enjoining defendant. Defendant had entered into the covenant as part of the contract when he sold his Eugene automotive transmission and tune-up business to plaintiff on September 30, 1974. The defendant agreed not to compete with the buyer (plaintiff) in "any business, trade or occupation similar to the business sold to [buyer-plaintiff] * * * for a period of Ten (10) years, within the area now served [Lane County]." The consideration for the sale was "$120,000.00 of which * * * $60,000.00 (Six Thousand per year for a ten year period)" was for the covenant not to compete. Contrary to the contract, defendant opened an automotive shop in Eugene in 1976. Plaintiff brought suit and on April 22, 1977, the court decreed:

> "Defendant, and all persons claiming by, through or under defendant, is hereby enjoined and restrained for a period of ten years from September 30, 1974, within Lane County, Oregon, from engaging in any automotive transmission or engine tune-up business; * * *."

The relevant events occurred in the following chronological order:

---

[1] Defendant's appeal on the underlying suit was dismissed November 17, 1977, on his own motion. This fact does not affect the outcome of this case.

1. On April 22, 1977, the trial court entered the injunctive decree.

2. On May 16 the court issued an order to defendant to show cause why he should not be held in contempt for violating the decree between April 22 and May 16.

3. On May 19 defendant filed his notice of appeal from the April 22 decree. (This appeal was later dismissed on defendant's motion.)

4. On June 7 the trial court issued a letter opinion finding defendant in contempt.

5. On June 8 defendant filed his undertaking on appeal.

6. On June 9 the trial court issued an order finding defendant in contempt, but not imposing any sentence.

7. On June 30 the trial court issued a second show cause order for defendant's refusal to comply with the decree.

8. On August 11 the court entered an order and sentence finding defendant in contempt on the second contempt proceeding and set sentence to "apply concurrently for the contempt order dated June 9, 1977." Defendant then brought this appeal, raising the issues before us.

Both parties agree that a prohibitory injunction is not suspended by perfecting an appeal from the decree granting the injunction, but that a mandatory injunction is so suspended. In *Helms Groover & Dubber Co. v. Copenhagen,* 93 Or 410, 177 P 935 (1919), the court held:

"* * * An appeal from a decree granting a prohibitory injunction, which is self-executing and requires no affirmative action, merely maintaining the *status quo* pending the appeal, does not suspend the injunction. On the other hand a mandatory injunction, that is, one which compels affirmative action by the defendant instead of merely preserving the *status quo,* cannot be enforced pending a duly perfected appeal * * *." 93 Or at 416.

"When an appeal is taken from an order granting a prohibitory injunction, the trial court still retains jurisdiction pending the appeal to punish as a contempt, the violation of the injunction, as the contempt proceedings

is wholly independent of the appeal, or any question to be considered by the appellate court. * * *."[2] 93 Or at 418.

Thus, an injunction that maintains the status quo is not stayed pending appeal. The status quo to be maintained, however, is not necessarily the state of affairs that exists at the time the suit was filed. In fact, if it were, then few injunctions would be enforceable pending appeal since the vast majority of suits seeking injunctions are filed after the defendant has started to do the disputed acts. Further, if the status quo were limited to the state of affairs at the time of filing, a wrongdoer would be permitted to continue engaging in the disputed conduct until the case was finally resolved, as long as the wrongdoer began to act before the plaintiff filed suit. For this reason, the status quo to be preserved should be the last undisputed state of affairs that existed before the events that gave rise to the pending controversy occurred. This is the rule for granting preliminary injunctions,[3] which are granted even before there has been a trial on the merits; injunctions granted following a trial should be at least as easily enforced pending appeal.

In this case, defendant's opening of an automotive servicing shop was the very event that caused the pending controversy. The state of affairs that existed

---

[2] This is the general rule. For a collection of cases from other jurisdictions, see 93 ALR 709 (1934). *Compare Malick v. Malick,* 271 Or 183, 186, 530 P2d 1243 (1975); *State ex rel Mix v. Newland,* 277 Or 191, 200, 560 P2d 255 (1977).

[3] *Steggles v. National Discount Corporation,* 326 Mich 44, 39 NW2d 237, 239-40, 15 ALR2d 208 (1949); *General Motors Corp., Argonaut Division v. Cook,* 528 P2d 1110, 1115 (Okla 1974); *Roberts v. Board of Dir. of Sch. Dist. of Scranton,* 462 Pa 464, 341 A2d 475, 478 n 1 (1975); *State v. Sutton,* 2 Wash 2d 523, 98 P2d 680, 683 (1940).

In *Sutton,* 98 P2d at 683, the Supreme Court of Washington, quoting from 1 High on Injunctions 9, § 5a (4th ed 1905), stated:

" '* * * And by the status quo which will be preserved by preliminary injunction is meant the last actual, peaceable, noncontested condition which preceded the pending controversy, and equity will not permit a wrongdoer to shelter himself behind a suddenly and secretly changed status, although he succeeded in making the change before the hand of the chancellor has actually reached him.' "

[ 515 ]

before that time did not, of course, include defendant's operation. Thus, the decree enjoining defendant from continuing its operation merely maintained the status quo. The language of the decree in this case is prohibitory both in form and effect. Defendant can obey the decree by doing nothing, which is what the court ordered. Under the rule set forth in *Helms Groover & Dubber Co., supra,* defendant was required to obey the injunction even after he had perfected his appeal.

■ Defendant also argues that requiring him to stop doing business will cause him irreparable injury even if he wins on appeal. But McKinley Automotive, plaintiff, is in the same position. If defendant were allowed to continue business in competition with plaintiff during appeal, then plaintiff would, according to the evidence, suffer irreparable injury even if it was to win on appeal. The injury would be irreparable in this, and probably other cases, because damages could not be proved with certainty.[4] In a case such as this, one of the parties will suffer some damages during appeal. It seems equitable that the party to suffer should be the one who lost in the trial court where all of the evidence was presented. We find the decree enjoining was enforceable despite the appeal.

Affirmed.

---

[4] Indeed, in the case at bar, plaintiff's claim for damages was denied by the trial court because it had not proved its damages with certainty.