On respondents - cross-appellants' Motion to Stay or Modify the Circuit Court's Injunction filed April 23 and appellants - cross-respondents' Response to Motion to Stay or Modify the Circuit Court's Injunction filed May 6, motion granted; injunction stayed pending appeal August 27, 1997

Judith ARMATTA,
Sheriff Stan Robson, Sidney I. Lezak, Stephen Kanter, Jean Tate, Kathleen Hagberg and Linda Eyerman,
*Appellants - Cross-Respondents,*

*v.*

John KITZHABER,
Governor of the State of Oregon,
Phil Keisling, Secretary of State,
and the State of Oregon,
*Respondents - Cross-Appellants.*

(96C-14060; CA A96736)

943 P2d 634

Hardy Myers, Attorney General, Virginia L. Linder, Solicitor General, and Rives Kistler, Assistant Attorney General, for motion.

Thomas M. Christ, Carl R. Neil and Katherine A. McDowell, *contra*.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

LANDAU, P. J.

Armstrong, J., dissenting.

**LANDAU, P. J.**

Defendants move for a stay pending appeal of the injunction entered as part of the judgment in this case. The judgment enjoins defendants from "enforcing or attempting to enforce section 2 of [1996] Ballot Measure 40" (Section 2). We allow the motion.

On November 5, 1996, the voters enacted Ballot Measure 40, amending the Oregon Constitution to add, among other things, the following provision, denominated as Section 2:

> "The rights conferred on **victims** by this section shall be limited only to the extent required by the United States Constitution; Section 9, Article I and Section 12, Article I of this Constitution shall not be construed more broadly than the United States Constitution and in criminal cases involving a **victim**, the validity of prior convictions shall not be litigated except to the extent required by the United States Constitution."

(Boldface in original.) On February 19, 1997, the Marion County Circuit Court issued a declaratory judgment that "Section 2 of Ballot Measure 40 is a revision of the constitution in violation of Article XVII, section 1, of the Oregon Constitution." As part of the judgment, the court enjoined defendant Governor John Kitzhaber "and his subordinates and the State and its subdivisions" from enforcing or attempting to enforce Section 2. Defendants moved the trial court to clarify who was bound by the injunction and further asked it to stay the injunction pending appeal. The trial court denied both motions.

Meanwhile, circuit courts in several other counties have rejected the same constitutional challenges to Section 2 that the Marion County Circuit Court accepted. Nevertheless, defense counsel in those counties have asserted that the state—through the local district attorneys—is subject to the Marion County Circuit Court's injunction and consequently cannot attempt to enforce Section 2 in those counties, notwithstanding the prior court decisions upholding the validity of the enactment. Similarly, it has been asserted that district attorneys risk sanctions for contempt if they so much as

assert the validity of Section 2 in circuit courts that have not yet addressed the matter.

■ ■    We have inherent authority to grant defendants' motion to stay the injunction. *State ex rel McKinley Automotive v. Oldham*, 283 Or 511, 516, 584 P2d 741 (1978). In determining whether to exercise that discretion, we examine the nature of the injunction and evaluate the relative hardship to the parties and the extent to which irreparable harm will occur in the absence of a stay. *Id.; see also Blair v. Blair*, 199 Or 273, 287, 247 P2d 883 (1952).

■    Turning to the injunction at issue in this case, it is frankly difficult to determine what it means. It purports to apply to the state "and its subdivisions," when it is not certain that those subdivisions were parties to the action. *See* ORCP 79 D (injunctions binding only on parties to an action). Indeed, read literally, the injunction precludes this court even from deciding this motion, which makes no sense. The injunction further purports to enjoin defendants from enforcing or attempting to enforce Section 2 of Ballot Measure 40, when that section expresses little more than a rule of construction *for the courts* to apply in determining the meaning of relevant provisions of the Oregon Constitution. So far as we can tell, what the injunction appears to contemplate in substance is that the defendants conduct their affairs in the investigation and prosecution of crimes by invoking and applying only the law as it existed before the adoption of Ballot Measure 40 and that they refrain from invoking or applying either Section 2 or the construction of other laws that Section 2 requires.

Defendants contend that plaintiffs will suffer no irreparable harm if the trial court's injunction is stayed, while the harm to defendants will be substantial and irreparable. According to defendants, failure to stay the injunction would subject district attorneys around the state to the risk of contempt for so much as arguing the validity of Section 2, even in courts that already have concluded that Ballot Measure 40 is constitutional; even if that is not the case, the injunction creates the potential for confusion among the trial courts concerning the law that applies to investigations and prosecutions during the pendency of the appeal and the

extent to which certain arguments even can be asserted concerning that law.[1] Plaintiffs reply that failure to reject the motion for a stay "would substantially diminish plaintiffs' freedom from governmental intrusions on their privacy." According to plaintiffs, those consequences flow from the fact that the Fourth Amendment generally permits a wider range of searches than does the Oregon Constitution. In support of their argument, plaintiffs rely on *Cornelius v. City of Ashland*, 12 Or App 181, 506 P2d 182, *rev den* (1973).

We find plaintiffs' argument unpersuasive. The harm about which they complain is entirely speculative in nature. Their reliance on *Cornelius* for the proposition that such potential harm is sufficient to justify denying a stay is misplaced; *Cornelius* held that threatened harm is sufficient to confer *standing* to request a declaratory judgment. *Id.* at 188-89. That is an entirely different matter. Moreover, any harm that comes to fruition is subject to legal remedy: If Section 2 ultimately is declared to be unconstitutional, the law affords remedies by way of exclusion of evidence, reversals of convictions and civil liability in tort as the circumstances warrant. In contrast, the harm to defendants is more immediate: District attorneys already have been put in the position of risking contempt. That puts the law enforcement community in an untenable situation.[2] Moreover—indeed, applying plaintiffs' own reasoning—it follows that the effect of requiring prosecutors, in essence, to ignore Ballot Measure 40 during the pendency of the appeal requires them to forgo prosecutions that otherwise might be worthy of pursuit.

---

[1] As an example of the problem, defendants offer as an exhibit a letter from the Multnomah County Circuit Court requiring the parties to a criminal proceeding to address the applicability and effect of Ballot Measure 40 and a response from the Metropolitan Public Defender, Multnomah County Section, contending that the Multnomah County District Attorney is bound by the Marion County Circuit Court's order not to engage in any attempt to enforce Section 2 of the measure.

[2] For example, under the terms of the injunction, prosecutors would be unable to assert Section 2 as a defense to a motion to suppress evidence from a search that was unlawful under pre-Measure 40 law. Unable to assert the validity and application of Section 2, the state is put in the position of being unable to preserve the argument for appeal in the hopes that the appellate courts ultimately will declare the ballot measure constitutional. In fact, read literally, the injunction precludes the state from asserting the validity of the measure in cases currently pending before the Supreme Court.

Should Section 2 ultimately be upheld, there is no way to revive those forgone prosecutions.

The dissent complains that our exercise of our inherent authority to grant the stay of the injunction is unnecessary, because the declaration that Section 2 is unconstitutional will remain in effect. We are not persuaded. The injunction, as we have noted, purports to constrain the actions and authority of persons and entities that arguably are not even parties to this action. Plainly, staying the injunction in this case is not a superfluous action.

We conclude that, in the exercise of our inherent authority, it is appropriate to stay the injunction. Defendants' motion therefore is granted, and the trial court's injunction is stayed.

Motion granted; injunction stayed pending appeal.

**ARMSTRONG, J.,** dissenting.

The trial court issued a judgment declaring that section 2 of 1996 Ballot Measure 40 revised the constitution in violation of Article XVII, section 1, of the Oregon Constitution. It also enjoined the Governor and his subordinates and the State of Oregon and its subdivisions from "enforcing or attempting to enforce section 2 of Ballot Measure 40." Defendants appealed from that judgment and now move this court to stay or modify the injunction issued by the trial court. We should deny the motion.

It should be noted as an initial matter that the relief defendants seek will not remedy the problems that they claim the injunction creates, because the state will still be bound by the legally effective declaratory judgment. We are to assume that the state will conform its conduct to the law as a court declares the law to be in a declaratory judgment. *See Burke v. Children's Services Division*, 288 Or 533, 548, 607 P2d 141 (1980). That assumption appears to be well founded because, in this case, defendants' counsel assured plaintiffs' counsel prior to entry of the judgment that "[w]here declaratory relief is granted, injunctive relief is not warranted against the State of Oregon or its agencies" because the state has a policy of abiding by declaratory judgments. The result of that policy is that, even if we grant a stay of the *injunction*,

defendants still will have to act in accordance with the declaration that Section 2 of Ballot Measure 40 is an unconstitutional revision of the constitution. Thus, the relief sought from us by defendants will not accomplish what defendants apparently seek to accomplish, which is to avoid complying with the declaratory judgment.

Had the state requested a stay of the judgment, the issue would be more difficult. Given its request, however, the issue is comparatively simple. We should deny the stay because granting it will have no effect.

The reason that granting the stay will have no effect can best be illustrated by contrasting the effect of the declaratory judgment in this proceeding with the effect of a trial court ruling on the constitutionality of Section 2 of Measure 40 in a criminal case. Assume, for these purposes, that the state is prosecuting a defendant for a crime and that the defendant moves to suppress evidence in that case on the ground that the state obtained the evidence unlawfully. Assume further that the motion would be granted but for Section 2 of Measure 40 and that the court rules that Section 2 is an unconstitutional revision of the Oregon Constitution. Based on that ruling, the court grants the motion to suppress. That ruling would have whatever preclusive effect on the constitutionality of Section 2 of Measure 40 in other cases that issue preclusion would give it.

The central issue in the hypothetical criminal case is whether the defendant committed the crime of which he is charged. The constitutionality of Measure 40 is simply one of many legal issues that might have to be resolved in the case. In contrast, the constitutionality of Measure 40 is the central issue in our case, and the court resolved that issue by issuing a binding declaration that Section 2 of the measure is an unconstitutional revision of the Oregon Constitution. The effect of that declaration does not depend on whether it is given preclusive effect by courts in other cases. Rather, as long as the state treats the declaration as binding on it, the declaration prevents the state and those acting for it from treating Section 2 of the measure as constitutional and seeking to enforce it. Consequently, for example, if a defendant in a criminal case moves to suppress evidence that would be

suppressed but for Section 2, the state cannot seek to rely on Section 2 to resist the motion because, based on the declaration, the provision is not available to the state for that purpose. It is as if the provision does not exist.[1]

I interpret the court's injunction in this case to do nothing more than require the state to do what it says it will do without the injunction, which is to act in accordance with the declaration as long as it remains in effect.[2] Hence, it would serve no purpose to stay the injunction because staying it would not change the obligation that the state has assumed to comply with the declaration. It would remove only a mechanism by which that obligation could be enforced if not honored.[3]

In summary, the state resisted entry of the injunction by asserting that an injunction was unnecessary because the state would abide by the court's declaration that Section 2 of Measure 40 violates the Oregon Constitution. Because the injunction does nothing more than require the state to abide by the declaration, there is no reason for us to stay it.

---

[1] To the extent that the state and those acting on its behalf act in accordance with the declaration, they will avoid one of the problems that the state has identified as a basis to stay the trial court's injunction. The state argues that district attorneys have been placed in an untenable position because they do not know how to respond to motions filed in criminal cases in which defendants seek to suppress evidence that would be admissible under Section 2 of Measure 40. It notes that at least one trial court has ordered a district attorney to submit written material and to appear to answer questions about the provision so that the court can rule on those motions. The problem is avoided if the district attorneys inform the courts in those cases that, in accordance with the declaration in this case, the state treats Section 2 as unconstitutional and does not seek to use it to obtain the admission of any disputed evidence in those cases, thereby rendering the issue moot.

[2] The majority contends that it is appropriate to stay the injunction because the injunction affects people who are not parties to the proceeding. District attorneys properly are subject to the injunction because they act as attorneys for the state in prosecuting crime, so the actions that they take that are controlled by the injunction are actions undertaken by them as agents for the state, which is a party in this case. To the extent that the injunction purports to control the actions of local governments, which do not necessarily act for the state in prosecuting crime, there may be grounds to modify the injunction to exclude them from its reach, but that is not a reason to stay the injunction to prevent its application to the state.

[3] Perhaps significantly, the state has *not* restated to us as an argument to stay the injunction the argument that it made below that an injunction is not necessary because the state could be relied on to follow the law as the court declared it to be. That the state now seeks to stay the injunction but not the declaratory judgment calls into question the state's commitment to abide by the declaration, which is a reason for us to deny the requested stay.