Argued and submitted September 8, peremptory writ to issue October 27, 1994

STATE ex rel
MOTOR VEHICLES DIVISION,
*Plaintiff-Relator,*

*v.*

Albin W. NORBLAD,
Circuit Court Judge, Marion County,
*Defendant,*

*and*

Gregory Thomas McBRIDE,
*Intervenor.*

(SC S41141)

882 P2d 598

Rives Kistler, Assistant Attorney General, Salem, argued the cause for plaintiff-relator. With him on the briefs were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

No appearance by defendant.

J. P. Harris, II, Salem, argued the cause and submitted the brief for intervenor.

DURHAM, J.

## DURHAM, J.

Relator Motor Vehicles Division (MVD) seeks a writ of mandamus to compel defendant, a circuit court judge, to vacate an order issued on January 27, 1994.[1] The order required MVD to withdraw the proposed suspension of intervenor's driving privileges. We conclude that the circuit court had no jurisdiction to issue the order. Accordingly, we direct that a writ of mandamus shall issue, requiring defendant judge to vacate the order.

On December 29, 1993, Officer Humphreys arrested intervenor for driving under the influence of intoxicants in violation of ORS 813.010. In his arrest report, Humphreys stated that intervenor refused to submit to a breath test to determine the alcohol content of his blood. Humphreys delivered the report to the Department of Transportation (department), as required by ORS 813.100(3). The department notified intervenor of its intention to suspend his driving privileges. ORS 813.410(1) provides:

> "If the Department of Transportation receives from a police officer a report that is in substantial compliance with ORS 813.120, the department shall suspend the driving privileges of the person in this state on the 30th day after the date of arrest unless, at a hearing described under this section, the department determines that the suspension would not be valid as described in this section. A suspension of driving privileges imposed under this subsection shall be for a period of time established under ORS 813.420."

Intervenor requested a hearing on the proposed suspension. ORS 813.410(3) provides:

> "If within 10 days from the date of arrest, the department receives a written request for a hearing from a person whose driving privileges or commercial driver license the department proposes to suspend under this section, the department shall provide a hearing in accordance with this section. Except as otherwise provided under this section, a hearing held by the department under this section shall be subject to

---

[1] The petition alleges that the January 27, 1994, order was "amended" on February 25, 1994. The record contains a letter opinion issued on February 25, 1994, but no order amending the January 27, 1994, order. The January 27, 1994, order was not entered by the clerk.

the provisions for contested cases, other than appeal provisions, under ORS 183.310 to 183.550. The applicable appeal provisions are as provided under ORS 813.450 and section 24, chapter 672, Oregon Laws 1985. Notwithstanding ORS 809.430, the department is not required to give any notice of intent to suspend or suspension in addition to that provided under ORS 813.100."

MVD, which is a division of the department, scheduled a hearing for January 25, 1994. *See generally* ORS 813.410(4)-(7) (describing the procedures for such a hearing and for any appeal from a final order issued after a hearing). Shortly before the hearing, intervenor served a subpoena *duces tecum* on Humphreys, requiring him to bring his field notes of the arrest to the hearing. When the hearing began on January 25, 1994, Humphreys moved to quash the subpoena on the ground that his field notes were irrelevant, privileged, and not subject to discovery by intervenor. Over intervenor's objection, the hearings officer quashed the subpoena. Intervenor requested a postponement of the hearing, but the hearings officer declined. At the end of the hearing, the hearings officer took the matter under advisement.

On January 26, 1994, intervenor's lawyer delivered to defendant judge a letter that described the dispute that had arisen during the hearing regarding Humphreys' field notes.[2] When the lawyer delivered the letter, no proceeding was pending in circuit court regarding the field notes or the potential suspension of intervenor's driving privileges. At the bottom of the letter, the lawyer asked defendant judge to "check the most appropriate of the proposed orders noted below" and set forth three possible orders from which the court could select. Defendant judge complied with the lawyer's request and signed the following order:

"IT IS HEREBY ORDERED that:

" __X__ The Hearing's [*sic*] Division of the Motor Vehicles Division withdraw [*sic*] the proposed suspension pending against [intervenor].

"'* * * * *

"[Signature]_____

---

[2] The letter stated that the lawyer had mailed a copy of it to the MVD hearings officer. MVD acknowledges that it received a copy of the letter on January 27, 1994.

[Defendant judge]
Marion County Circuit Court Judge
1-27-94[.]""

On January 27, 1994, the hearings officer issued a final order that affirmed the suspension of intervenor's driving privileges. On the same date, intervenor's lawyer delivered to the hearings officer a copy of defendant judge's January 27, 1994, order.[3]

On February 1, 1994, MVD filed with defendant judge a motion to vacate or stay the January 27, 1994, order. On the same day, in response to the court's order, MVD issued an amended final order that rescinded the suspension of intervenor's driving privileges.[4] On February 25, 1994, defendant judge, by letter, denied MVD's motion to vacate or stay the January 27, 1994, order. On March 9, 1994, MVD petitioned for an alternative writ of mandamus in this court, contending that the circuit court had no jurisdiction or statutory authority to issue the January 27, 1994, order. This court allowed MVD's petition, and the present proceeding followed.

■ We first address intervenor's argument that the dispute over the January 27, 1994, order is now moot. According to intervenor, if MVD's suspension order is final, then MVD cannot amend or appeal it. In the alternative, intervenor argues that, if the February 1, 1994, amended order is valid, then MVD cannot amend or appeal it, and intervenor is neither suspended nor threatened with suspension. In either

---

[3] Intervenor argues that his lawyer delivered defendant judge's January 27, 1994, order to MVD a few hours before the hearings officer issued the suspension order on that date. We need not address that factual question in order to decide the legal issue presented in this case.

[4] The February 1, 1994, amended final order states, as material:

"[MVD] is asserting a legal position in this matter based on a want of personal or subject matter jurisdiction on the court's part as regards the issuance of his order * * * and will assert this position in the appropriate judicial forum. Nevertheless, because the court has instructed [MVD] to withdraw the suspension this agency has determined to comply at this time while it continues to challenge the underlying validity of the order.

"ORDERED

"The suspension for the arrest of DUII on December 29, 1993, of [intervenor's] driving privileges from January 28, 1994, to January 28, 1997, is rescinded."

case, intervenor argues, defendant judge's January 27, 1994, order has no continuing effect on the parties.

Intervenor's mootness argument is not well taken. In *State ex rel Hall v. Riggs*, 319 Or 282, 293, 877 P2d 56 (1994), this court recently stated: "An agency can withdraw an order completely." MVD exercised that authority when it rescinded its January 27, 1994, suspension order. MVD's sole purpose in rescinding its suspension order was to comply with defendant judge's order *while contesting the validity of the order* through other legal channels. Under the circumstances, we are satisfied that defendant judge's order has a continuing effect on MVD's actions vis-a-vis intervenor. Accordingly, the dispute is not moot.

Intervenor next invites us to deny any relief to MVD, arguing that MVD has thwarted his right to a fair hearing and, thus, is more culpable than intervenor in causing the problem now before the court. Intervenor relies on MVD's actions in quashing the subpoena *duces tecum* on the basis of a two-year-old internal agency directive,[5] denying a continuance of the hearing, refusing to contact a circuit judge to obtain an order compelling Humphreys to obey the subpoena *duces tecum*, and issuing a suspension order on January 27, 1994, after receiving defendant judge's order requiring MVD to withdraw the suspension. Intervenor cites no authority indicating that the relative fault of the parties is relevant in the context of a writ of mandamus proceeding that challenges a court's jurisdiction to act. We reject intervenor's invitation, and turn to the issue whether the circuit court had jurisdiction to enter the January 27, 1994, order.

MVD asserts that the only arguable statutory bases for circuit court subject matter jurisdiction in this proceeding are ORS 813.450(1)[6] and ORS 183.440(2),[7] but

---

[5] MVD issued a directive to its hearings officers requiring them to quash any subpoena seeking disclosure of an arresting officer's field notes and to deny motions to continue a hearing or to strike testimony because of an order quashing such a subpoena.

[6] ORS 813.450(1) provides:

"The petition to the circuit court appealing an order of the Department of Transportation after a hearing under ORS 813.410 shall state the nature of the

that neither statute applies here. MVD also argues that, even if the court had subject matter jurisdiction over the dispute, the notice procedures followed by intervenor were insufficient to confer personal jurisdiction over MVD. Intervenor concedes that ORS 813.450(1) is not a basis for subject matter jurisdiction here, but argues that the court had jurisdiction to issue its January 27, 1994, order under ORS 183.440(2) or under the court's "inherent power" to punish a contempt pursuant to ORS 33.025(1).[8]

■ ■    As a general matter, ORS 183.440(2) applies to hearings concerning suspension of driving privileges. ORS 813.410(3). However, the predicate for application of that statute in a particular case is a person's failure to comply with a subpoena. Humphreys did not fail to comply with a subpoena. Rather, he moved to quash the subpoena. The hearings officer's order granting the motion to quash relieved Humphreys of his legal obligation to comply with the subpoena. The court, therefore, had no basis to compel obedience to the subpoena. For that reason, ORS 183.440(2) does not provide a basis for circuit court jurisdiction here. Because Humphreys did not violate a legal obligation, ORS 33.025(1) affords no basis for the exercise of jurisdiction.

■ ■    Intervenor argues, finally, that the hearings officer's order quashing the subpoena undermined the fairness of the hearing and that, for that reason, the circuit court had inherent authority under ORS 183.440(2) to issue the

petitioner's interest and the ground or grounds upon which the petitioner contends the order should be reversed or remanded."

[7] ORS 183.440(2) provides:

"If any person fails to comply with any subpoena so issued or any party or witness refuses to testify on any matters on which the party or witness may be lawfully interrogated, the judge of the circuit court of any county, on the application of the agency or of a designated representative of the agency or of the party requesting the issuance of or issuing the subpoena, shall compel obedience by proceedings for contempt as in the case of disobedience of the requirements of a subpoena issued from such court or a refusal to testify therein."

[8] ORS 33.025(1) provides:

"The power of a court to impose a remedial or punitive sanction for contempt of court is an inherent judicial power. ORS 33.015 to 33.155 establish procedures to govern the exercise of that power."

order to prevent injustice to intervenor. The short answer to intervenor's argument is that, if the hearings officer's order quashing the subpoena is an error, judicial review of that error is available under ORS 813.410(7), after a final order issues. Intervenor could present all of his arguments about the importance of access to Humphreys' field notes during review of a final order under ORS 813.410(7). That is the statutorily prescribed form of judicial review. Intervenor may not evade it by seeking interlocutory relief in circuit court to overturn a hearings officer's order granting a motion to quash a subpoena. Our analysis of the statutory scheme governing the agency's hearings and judicial review of the agency's final orders, ORS chapter 813, reveals no statutory basis for a circuit court to issue interlocutory orders, such as the order at issue here, even if the purpose of the order is to protect the fairness of a hearing.

In conclusion, the hearings officer's order quashing the subpoena relieved Humphreys of his duty to bring the field notes to the hearing. Accordingly, the court had no jurisdiction under ORS 183.440(2), ORS 33.025(1), or any other statute that has been called to our attention, to issue the January 27, 1994, order. The court must vacate it.

Peremptory writ to issue.