On petitioner's emergency motion under ORAP 7.35 (renewed upon leave granted by the court) filed March 26; and on respondent's response to emergency motion for stay filed April 9, 2001, motion for stay denied March 13, 2002; respondent's motion to vacate this decision on the ground that because of legislation adopted by the 2002 Legislative Session that went into effect July 1, 2001, the case was moot when the decision issued is granted; decision vacated by order dated June 12, 2002

## NORTHWESTERN TITLE LOANS, LLC,
### dba Northwest Title Loans,
*Petitioner,*

*v.*

## DIVISION OF FINANCE
## AND CORPORATE SECURITIES,
### a Division of the
### Department of Consumer and Business Services,
*Respondent.*

### A113713

42 P3d 313

James M. Brown and Enfield Brown Collins Knivila & Cook for the motion.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Richard D. Wasserman, Assistant Attorney General, *contra*.

Before Brewer, Presiding Judge, and Deits, Chief Judge, and Kistler, Judge.

DEITS, C. J.

Brewer, P. J., concurring.

## DEITS, C. J.

Pursuant to ORS 183.400(1),[1] Northwestern Title Loans has petitioned for judicial review of a rule promulgated by the Division of Finance and Corporate Securities of the Department of Consumer and Business Services (DCBS) limiting petitioner's ability to make and roll over short-term loans. *See* OAR 441-730-0270. In conjunction with its petition, petitioner has moved to stay enforcement of the challenged rule. The primary question presented here is whether this court has the authority to stay enforcement of an administrative rule pending judicial review of the rule under ORS 183.400(1). We hold that the court does have such authority. However, we also conclude that petitioner has not demonstrated that the court should stay the challenged rule pending judicial review, and, therefore, we deny the motion to stay.

We begin with the text and context of ORS 183.400(1). *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). In relevant part, ORS 183.400(1) provides: "The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested

---

[1] In relevant part, ORS 183.400 provides:

"(1) The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases. The court shall have jurisdiction to review the validity of the rule whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question, but not when the petitioner is a party to an order or a contested case in which the validity of the rule may be determined by a court.

"* * * * *

"(3) Judicial review of a rule shall be limited to an examination of:

"(a) The rule under review;

"(b) The statutory provisions authorizing the rule; and

"(c) Copies of all documents necessary to demonstrate compliance with applicable rulemaking procedures.

"(4) The court shall declare the rule invalid only if it finds that the rule:

"(a) Violates constitutional provisions;

"(b) Exceeds the statutory authority of the agency; or

"(c) Was adopted without compliance with applicable rulemaking procedures."

cases." Arguably, the text of ORS 183.400(1) could be read as authority for the issuance of a stay by this court. As noted, the statute provides that this court shall determine the validity of any rule "in the manner provided for review of orders in contested cases." ORS 183.482 is one of the statutes that addresses the manner in which this court reviews orders in contested cases. That statute contains a stay provision, ORS 183.482(3).[2] Consequently, it could be said that ORS 183.400(1) incorporates the stay provisions for review of orders in contested cases into judicial review of rules.

We are not convinced, however, from the text of ORS 183.400(1) that the legislature intended to incorporate the stay provisions. As the concurrence points out, a number of the provisions relating to judicial review of contested cases simply do not make sense in the context of judicial review of a rule. 180 Or App at 18-19 (Brewer, J., concurring). Consequently, the statutory text does not provide a clear answer to the question of whether this court has the authority to issue a stay in a rule review proceeding.

■　Petitioner, in fact, does not contend that the text of ORS 183.400 authorizes this court to stay enforcement of an administrative rule that is the subject of a petition for judicial review under that statute. It is petitioner's position that this court has the inherent powers of a court of equity, including the inherent power to grant injunctive relief, and that this court may invoke that power to stay enforcement of an

---

[2] ORS 183.482 provides, in part:

"(3)(a) The filing of the petition shall not stay enforcement of the agency order, but the agency may do so upon a showing of:

"(A) Irreparable injury to the petitioner; and

"(B) A colorable claim of error in the order.

"(b) When a petitioner makes the showing required by paragraph (a) of this subsection, the agency shall grant the stay unless the agency determines that substantial public harm will result if the order is stayed. If the agency denies the stay, the denial shall be in writing and shall specifically state the substantial public harm that would result from the granting of the stay.

"(c) When the agency grants a stay it may impose such reasonable conditions as the giving of a bond, irrevocable letter of credit or other undertaking and that the petitioner file all documents necessary to bring the matter to issue before the Court of Appeals within specified reasonable periods of time.

"(d) Agency denial of a motion for stay is subject to review by the Court of Appeals under such rules as the court may establish."

administrative rule pending direct judicial review under ORS 183.400(1). We agree that we have the inherent powers of a court of equity and that those powers include the authority to grant provisional, including injunctive, relief. *Blair v. Blair*, 199 Or 273, 287, 247 P2d 883, 260 P2d 960 (1953) ("[T]he granting of appellate jurisdiction necessarily vests in this court the power to stay * * * an order [transferring custody] pending an appeal, and that such power is of the incidental nature required to make the granted jurisdiction effective."); *Helms Groover & Dubber Co. v. Copenhagen*, 93 Or 410, 416, 177 P 935 (1919) (as a general rule, both a circuit court and an appellate court have inherent power to grant a stay of proceedings pending an appeal even when there is no statute entitling a party to a stay); *Livesley v. Krebs Hop Company*, 57 Or 352, 356-57, 97 P 718, 107 P 460, 112 P 1 (1910) (concluding that court has incidental power to issue restraining order); *Armatta v. Kitzhaber*, 149 Or App 498, 501, 943 P2d 634 (1997) (the Court of Appeals has inherent authority to stay an injunction that bars the state from enforcing a provision of a ballot measure enacted by the voters).[3]

■ Respondent appears to agree that, generally, this court has inherent authority, but it argues that a court's inherent power to grant provisional relief is subject to limitation by the legislature and that, here, the legislature has enacted a statutory scheme showing a deliberate choice not to give this court authority to grant a stay in a rule review proceeding. In *Blair*, the Supreme Court explained:

> "It is the general rule that either the lower or appellate court, according to the circumstances, has inherent power to grant a stay of proceedings pending an appeal even where there is no statute entitling a party to such stay. *Where the right to a stay is entirely regulated by statute, or where the statute prescribes the conditions upon which it*

___

[3] Some of the cited cases suggest that an appellate court's power to grant an injunction is limited to those circumstances in which the *status quo* must be maintained in order to preserve the subject matter jurisdiction of the court. However, those were not the circumstances in *Livesley* and, at least by the time that *Blair* was decided, the power to issue an injunction extended to those situations where, without regard to a loss of subject matter jurisdiction, an appellate court could grant a stay or injunctive relief to prevent irreparable harm to the appellant or petitioner.

*may be obtained or allowed, the courts cannot grant a stay of proceedings in a case which is not within the statute, or in the absence of compliance with the prescribed conditions[.]"* 199 Or at 284 (emphasis added; citations omitted).

As noted above, the critical question presented here is whether the authority of this court to stay enforcement of an administrative rule in the course of a direct rule review proceeding under ORS 183.400(1) is entirely regulated by statute. If not, the court may act pursuant to its inherent authority and determine whether the issuance of a stay is appropriate in this case. For the reasons we will discuss, we conclude that this matter is not entirely regulated by statute; indeed, it may not be regulated by statute at all. Consequently, it is within the court's inherent authority to issue a stay in a rule review case.

In the first level of analysis of a statute under *PGE*, we consider previous versions of a statute. *See Owens v. Maass*, 323 Or 430, 435, 918 P2d 808 (1996) (related statutory provisions, applicable case law interpreting those other provisions, and prior legislative changes constitute context). ORS 183.400(1) is a part of the Administrative Procedures Act (APA). The APA was first enacted in 1957. Or Laws 1957, ch 717. As initially enacted, the APA divided agency actions into two groups: rulemaking and adjudication of contested cases. Or Laws 1957, ch 717, §§ 3, 8. The APA authorized review of "final decision[s] in * * * contested case[s]" in circuit court. Or Laws 1957, ch 717, § 12(1). It also specifically authorized either the agency or the circuit court to issue a stay pending review of a final decision in a contested case, and it set out the terms on which a stay could be granted. Or Laws 1957, ch 717, § 12(3).[4] Regarding rules, the act provided that the "validity of any rule may be determined upon a petition for a declaratory judgment thereon filed as provided by ORS chapter 28 for declaratory judgment in actions at law or suits in equity." Or Laws 1957, ch 717, § 6(1). The 1957 APA

---

[4] The 1957 APA provided: "The filing of the petition shall not stay enforcement of the agency decision, but the agency may do so, or the reviewing court may order a stay upon the giving of a bond or other undertaking or upon such other terms as it deems proper." Or Laws 1957, ch 717, § 12(3).

did not specifically authorize either the agency or the reviewing court to stay the effect of a rule pending review, as it did with respect to final decisions in contested cases.

Since 1957, the legislature has amended the APA numerous times. It has expanded judicial review to include orders in other than contested cases. *See* Or Laws 1971, ch 734, § 18. It also has transferred jurisdiction to hear a rule challenge under ORS 183.400 from the circuit courts to the Court of Appeals. Or Laws 1975, ch 759, § 9. However, the initial distinction that it made in 1957 has remained. The present version of the APA continues to authorize an agency to stay an order in a contested case, establishes the terms on which an order may be stayed, and provides for review in the Court of Appeals of an agency's denial of a motion for stay. ORS 183.482(3)(a) to (d). In contrast, ORS 183.400(1) does not explicitly provide a procedure by which either the agency or a court may stay the agency's rule unless, as discussed above, it can be said that ORS 183.400(1) incorporates the stay provisions for review of contested cases.

Respondent argues that the evolution of the APA generally, and ORS 183.400 in particular, especially the legislature's failure to grant explicit authority to this court to issue stays, while at the same time explicitly giving the court the authority to stay enforcement of orders in contested cases, indicates a legislative intent that this court should not have such authority in rule review cases. We do not agree.

As noted above, when the APA was originally enacted in 1957, ORS 183.400 provided, in part, that the validity of any rule could be determined by a petition for declaratory relief filed in the circuit court:

> "The validity of any rule may be determined upon a petition for a declaratory judgment thereon filed as provided by ORS chapter 28 for declaratory judgment in actions at law or suits in equity. The agency shall be made a party to the proceeding. The declaratory judgment may be rendered whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question. However, this section shall not apply in any case where the petitioner is not bound by law to any course of conduct until after hearing required by law by the agency concerned. In such a

case, the court may determine the validity of the rule, as provided in subsection (2) of this section, upon review of the order issued on such hearing, as provided by law or in ORS 183.310 to 183.510." ORS 183.400(1) (1957).

In 1971, the legislature amended ORS 183.400 by breaking subsection (1) into two subsections and by deleting words from and adding words to both subsections. As relevant here, the legislature added to ORS 183.400(1) the words italicized:

"The validity of any rule may be determined upon a petition for a declaratory judgment thereon filed as provided by ORS chapter 28 *if the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the rights, privileges or substantial interests of the petitioner*. The agency shall be made a party to the proceeding. The declaratory judgment may be rendered whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question, but not when the petitioner is a party to an order or a contested case in which the validity of the rule may be determined by a court." ORS 183.400(1) (1971); Or Laws 1971, ch 734, § 9.

There is no question that, at the time of that amendment, the circuit court in the exercise of its declaratory relief jurisdiction could have enjoined or stayed enforcement of an ordinance or statute.[5] *See Alum. Utensil Co. et al v. North Bend et al*, 210 Or 412, 419-23, 311 P2d 464 (1957), and the cases collected therein dating back to 1905 (if the threatened enforcement of an allegedly invalid ordinance or statute may harm the property rights of a party, the court has authority to issue an injunction to prevent the threatened harm from occurring).

Although neither *Alum. Utensil Co.* nor any of the cases it cites concerned a state administrative rule, there is no reason to believe that a state administrative rule would have been treated differently from a state statute or a municipal ordinance. Indeed, the reference in ORS 183.400(1)

_____

[5] A request to *stay* enforcement of an administrative rule is essentially the functional equivalent of a request to *enjoin* enforcement of an administrative rule. When such a request is made before judicial review of an administrative rule is conducted, a motion to stay enforcement of the rule is a form of provisional relief. *See generally* ORCP 83 (regarding provisional relief that a circuit court may grant).

(1971) to the *threatened* application of a rule or the *threatened* interference with or impairment of any right or substantial interest of the petitioner suggests that the legislature contemplated that a party whose rights or interests were threatened by a state administrative rule could seek provisional relief to prevent the anticipated or prospective harm from occurring during the pendency of the declaratory relief action.

As noted above, in 1975, when the legislature transferred jurisdiction for direct judicial review of the validity of administrative rules from the circuit court to the Court of Appeals, the Court of Appeals, like the circuit court, had the inherent authority to grant provisional relief. There is no indication in the text of ORS 183.400, when it was amended to transfer jurisdiction for direct judicial review of administrative rules from the circuit court to the Court of Appeals, that the legislature intended to limit the inherent authority of the Court of Appeals to grant provisional relief in the form of a stay of enforcement of the subject of the proceeding.[6] We believe it is unlikely that the 1975 Legislative Assembly, which was aware of the authority of the circuit court to grant provisional relief in a declaratory judgment action for review of an administrative rule and the inherent authority of the Court of Appeals to grant provisional relief, intended, by its silence, to deprive the Court of Appeals of the authority to grant provisional relief in such cases.

We also do not believe that it is significant that the legislature chose to enact a provision specifically authorizing the court to grant stays in its review of contested cases but

---

[6] Although we need not resort to legislative history to resolve the issue presented, the legislative history is not inconsistent with our conclusion. Chapter 759 of Oregon Laws 1975 contains enrolled House Bill 2068. We have reviewed the minutes of committee hearings on that bill, written testimony and exhibits submitted at those hearings, and the various iterations of the bill as it made its way from initial introduction to eventual passage. Section 9 of that bill, amending ORS 183.400, does not appear to have been controversial. Apart from the sponsor of the bill briefly explaining the purpose of section 9 (to move jurisdiction for judicial review from the circuit court to the Court of Appeals) and a brief explanation of the policy reasons for that change (administrative agency cases generally are less expensive to litigate in the Court of Appeals and that forum has the advantage of resulting in a published decision that may be used for future similar cases), neither the witnesses testifying regarding the bill nor any legislators voting on the bill commented on section 9.

did not include specific language authorizing the court to issue stays in rule review cases. As explained above, a circuit court's inherent authority to issue stays in declaratory judgment type proceedings was firmly established, so there would have been no need for the legislature to reiterate that authority in a statute. Likewise, when the legislature transferred jurisdiction for direct judicial review of rules to the Court of Appeals, this court's inherent authority to grant provisional relief was well established. Therefore there would have been no need to reiterate that authority in ORS 183.400(1). In contrast, in 1975, this court's authority to review contested cases was a new and different type of proceeding, and it is not surprising that the legislature was more explicit in defining the court's authority, including enacting specific provisions for granting stays. Our review of the pertinent statutes and their history indicates that this court's authority to issue stays in these circumstances has not been entirely regulated by statute and, accordingly, that the issuance of a stay in a rule review proceeding is within the court's inherent authority.

Our holding in this case is not inconsistent with pertinent case law. In *Hay v. Dept. of Transportation,* 301 Or 129, 137-38, 719 P2d 860 (1986), for example, the court noted that a direct rule review proceeding under ORS 183.400(1) is not the exclusive means for challenging the validity of a rule, because such a proceeding might not afford a party all of the relief to which the party was entitled. In making that point, the court relied on a quotation from a law review article that stated that the circuit court was the only forum available to grant injunctive relief in a rule review proceeding. The court did not, however, expressly adopt that view. The court in *Hay* held only that, when a party places a rule's validity at issue in a civil action, the jurisdiction of the Court of Appeals is not exclusive and the circuit court may consider challenges to the rule's validity. 301 Or at 138. That the circuit court has authority to grant provisional relief from an administrative rule in a civil action filed in the circuit court is a very different issue and is in no way inconsistent with the Court of Appeals having the same authority to grant provisional relief in the course of a direct rule review proceeding under ORS 183.400(1).

Nor is our conclusion in this case inconsistent with the Supreme Court's decision in *Alto v. State Fire Marshal*, 319 Or 382, 876 P2d 774 (1994). In that case, the plaintiffs sought declaratory and injunctive relief in circuit court concerning rules adopted by the State Fire Marshal that interpreted the phrase "at retail" in relation to self-service gasoline pumping facilities. The fire marshal argued that the circuit court lacked jurisdiction, because the plaintiffs primarily sought a determination of the validity of an administrative rule and the injunctive relief sought would merely flow from that determination. The Supreme Court noted that a challenge to the validity of a rule could be brought in circuit court in an action that involved *enforcement* of a rule, as provided in ORS 183.400(2). *Alto*, 319 Or at 392. However, fatally to the plaintiffs' cause in that case, the plaintiffs had conceded in circuit court that the subject matter of the case was *"what does 'at retail' mean"* and *"[t]he subject isn't even enforcement." Id*. at 393 (emphasis in original). The Supreme Court said that it was apparent from the circuit court's findings of fact and conclusions of law that the essence of the plaintiffs' inquiry was the fire marshal's interpretation of a statutory term in the promulgation of the challenged rule. *Id*. at 393. As it turned out in that case, although the challenged rules had been adopted by the agency, the rules had not yet gone into effect. Because the challenged rules were not yet in effect, the only relief the circuit court could have granted was an injunction against the rules going into effect. With respect to that issue, the court held: "Injunctive relief was not necessary under these circumstances because we assume that the defendant state agency will, in the absence of an injunction, follow the law as a court decides it on review of the validity of a rule under ORS 183.400." *Alto*, 319 Or at 395. Because all that remained of the plaintiffs' case was the challenge to the validity of the rules, the court held that the Court of Appeals had exclusive jurisdiction to consider that challenge under ORS 183.400(1).

Again, this case presents very different circumstances. The rule being challenged here already has gone into effect, and petitioner contends that its compliance with the rule will cause it irreparable harm. Moreover, like *Hay*, *Alto*

concerned the authority of the *circuit court* to entertain a declaratory relief action challenging the validity of a rule. The outcome of that question has no bearing whatsoever on the question of the authority of the *Court of Appeals* to stay enforcement of an administrative rule pending direct judicial review of the rule under ORS 183.400(1). For the reasons discussed above, we conclude that this court's authority to issue a stay in a rule review proceeding brought under ORS 183.400(1) has not been entirely regulated by statute and, consequently, the court may issue a stay in this type of proceeding pursuant to its inherent authority.

Finally, the concurrence states that it is incongruous that this court could consider, for the purpose of deciding whether to stay enforcement of a rule, application of the challenged rule to the challenger's particular circumstances, whereas the rule challenge itself is limited to a facial challenge. There is no incongruity, however, because the purposes of the two kinds of relief are different. The purpose of a rule challenge under ORS 183.400 is to determine whether the rule violates constitutional provisions, exceeds the statutory authority of the agency, or was adopted without compliance with rulemaking procedures. The purpose of a stay is to prevent harm to the party challenging the rule during the period of time that the court is considering the challenge. It is no surprise, then, that a court considering a stay would consider facts peculiar to the challenger that would have no bearing on the challenge to the validity of the rule itself. The same is true in other cases in which a party seeks a stay as relief ancillary to the primary relief sought. Indeed, in a motion for stay of an agency order in a contested case under ORS 183.482(3), the petitioner is required to state facts showing how the agency's order will irreparably injure the petitioner, facts that may not be in the agency record at all. Thus, the fact that a motion for a stay pending judicial review may require reference to facts not involved in the rule challenge itself does not suggest that the legislature intended that a person seeking to invalidate an agency rule must seek a remedy in some other forum if the only other relief the person seeks is temporary relief from the rule pending the challenge.

■ Turning to the merits of this request for a stay pending review of the challenged rules, we conclude that petitioner has not demonstrated that it is entitled to a stay in this case. Petitioner is required to show, at the least, that the failure to grant a stay will result in irreparable harm to its rights.[7] *See Alum. Utensil Co.*, 210 Or at 421-23. As the plaintiff argued in *Alum. Utensil Co*. with respect to the municipal ordinance being challenged in that case, petitioner here argues that enforcement of the challenged administrative rules will put it out of business altogether. Petitioner argues that, if it goes out of business and ceases to exist, this judicial review proceeding will become moot. Respondent points out, however, that petitioner is a Georgia corporation and, although its business operations in Oregon may become unprofitable, petitioner will not cease to exist and petitioner will be able to continue business as this rule review proceeding progresses. Moreover, respondent has appended to its response to petitioner's motion a document entitled "Best Practices for the Payday Advance Industry," describing practices that are similar to the challenged administrative rules. According to respondent's program manager, the majority of lenders like petitioner subscribe to those practices and remain in business.

In summary, we hold that this court has authority to stay enforcement of administrative rules in an ORS 183.400(1) rule review proceeding but, under the circumstances of this case, petitioner has not demonstrated that it is entitled to a stay of enforcement of the rules pending judicial review.

Motion for stay denied.

---

[7] Arguably, we could apply a standard analogous to that used in reviewing requests for stays under ORS 183.482 in order to determine if a stay is appropriate in ORS 183.400 rule review proceedings. *See Evans v. OSP*, 87 Or App 514, 524, 743 P2d 168 (1987) (adopting ORS 183.482 criteria for stays, with certain modifications, in proceeding in which the APA did not directly apply). Under such a standard, in addition to demonstrating irreparable harm, a petitioner would have to establish a colorable claim of error. It is not necessary in this case to decide whether a petitioner should have to establish a colorable claim of error in these circumstances because, in any event, petitioner here has not established irreparable harm.

**BREWER, P. J.,** concurring.

The majority has determined that this court has inherent power to stay enforcement of the Division's rule pending disposition of a rule challenge under ORS 183.400, but has declined to do so under the circumstances of this case. I concur that the stay should be denied but for the reason that the court lacks either statutory or inherent power to grant it.

The majority correctly states that, as a general rule, courts have "inherent power to grant a stay of proceedings pending an appeal even where there is no statute entitling a party to such a stay." *Helms Groover & Dubber Co. v. Copenhagen*, 93 Or 410, 416, 177 P 935 (1919). Moreover, the majority correctly recognizes that "[w]here the right to a stay is entirely regulated by statute * * * the courts cannot grant a stay of proceedings in a case which is not within the statute * * *." *Id. See also Ortwein v. Schwab*, 262 Or 375, 385, 498 P2d 757 (1972), *aff'd* 410 US 656, 93 S Ct 1172, 35 L Ed 2d 572, *reh'g den* 411 US 922, 93 S Ct 1551, 36 L Ed 2d 315 (1973) (explaining that the inherent power of the court is "the source of power to do things necessary to perform the judicial function for which the legislative branch has not provided, and, in rare instances, to act contrary to the dictates of the legislative branch"). However, I disagree with the majority's reliance on inherent authority in this situation, because I believe that the text and context of ORS 183.400 point in the opposite direction. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993).

ORS 183.400 provides, in part:

"(1) The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases. * * *

"* * * * *

"(3) Judicial review of a rule shall be limited to an examination of:

"(a) The rule under review;

"(b) The statutory provisions authorizing the rule; and

"(c) Copies of all documents necessary to demonstrate compliance with applicable rulemaking procedures.

"(4)   The court shall declare the rule invalid only if it finds that the rule:

"(a)   Violates constitutional provisions;

"(b)   Exceeds the statutory authority of the agency; or

"(c)   Was adopted without compliance with applicable rulemaking procedures.

"(5)   In the case of disputed allegations of irregularities in procedure which, if proved, would warrant reversal or remand, [this court] may refer the allegations to a Master appointed by the court to take evidence and make findings of fact. The court's review of the Master's findings of fact shall be de novo on the evidence."

Neither ORS 183.400 nor any other statute that I have identified expressly provides authority to this court to stay enforcement of a rule during a challenge to the validity of the rule under ORS 183.400. ORS 183.400(1) does, however, expressly state that the court shall determine the rule's validity "in the manner provided for review of orders in contested cases." Procedures and requirements for review of orders in contested cases are "provided" in ORS 183.482. I therefore examine that contextual statute. ORS 183.482 provides, in part:

"(1)   Jurisdiction for judicial review of contested cases is conferred upon [this court]. Proceedings for review shall be instituted by filing a petition in [this court]. The petition shall be filed within 60 days only following the date the order upon which the petition is based is served unless otherwise provided by statute. * * *

"(2)   The petition shall state the nature of the order the petitioner desires reviewed, and shall state whether the petitioner was a party to the administrative proceeding, was denied status as a party or is seeking judicial review as a person adversely affected or aggrieved by the agency order. In the latter case, the petitioner shall, by supporting affidavit, state the facts showing how the petitioner is adversely affected or aggrieved by the agency order. * * *

"(3)(a)   The filing of the petition shall not stay enforcement of the agency order, but the agency may do so upon a showing of:

"(A)   Irreparable injury to the petitioner; and

"(B)   A colorable claim of error in the order.

"(b)   When a petitioner makes the showing required by paragraph (a) of this subsection, the agency shall grant the stay unless the agency determines that substantial public harm will result if the order is stayed. If the agency denies the stay, the denial shall be in writing and shall specifically state the substantial public harm that would result from the granting of the stay.

"(c)   When the agency grants a stay it may impose such reasonable conditions as the giving of a bond, irrevocable letter of credit or other undertaking and that the petitioner file all documents necessary to bring the matter to issue before [this court] within specified reasonable periods of time.

"(d)   Agency denial of a motion for stay is subject to review by [this court] under such rules as the court may establish.

"(4)   Within 30 days after service of the petition, or within such further time as the court may allow, the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review * * *.

"(5)   If, on review of a contested case, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good and substantial reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon such conditions as the court deems proper. The agency may modify its findings and order by reason of the additional evidence and shall, within a time to be fixed by the court, file with the reviewing court, to become a part of the record, the additional evidence, together with any modifications or new findings or orders, or its certificate that it elects to stand on its original findings and order, as the case may be.

"(6)   At any time subsequent to the filing of the petition for review and prior to the date set for hearing the agency may withdraw its order for purposes of reconsideration.

"(7)   Review of a contested case shall be confined to the record, the court shall not substitute its judgment for that

of the agency as to any issue of fact or agency discretion. In the case of disputed allegations of irregularities in procedure before the agency not shown in the record which, if proved, would warrant reversal or remand, [this court] may refer the allegations to a Master appointed by the court to take evidence and make findings of fact upon them. The court shall remand the order for further agency action if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure.

"(8)(a)   The court may affirm, reverse or remand the order. If the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall:

"(A)   Set aside or modify the order; or

"(B)   Remand the case to the agency for further action under a correct interpretation of the provision of law.

"(b)   The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:

"(A)   Outside the range of discretion delegated to the agency by law;

"(B)   Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C)   Otherwise in violation of a constitutional or statutory provision.

"(c)   The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record. Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding."

In summary, ORS 183.482(1) sets out timelines for the filing of a petition for review of an order in a contested case. Subsection (2) sets out the required content of the petition, including information relevant to the petitioner's standing to seek judicial review. Subsection (3) authorizes an agency to stay its order pending judicial review and authorizes this court to review the agency's denial of a request for stay. Subsection (4) sets out requirements for preparation

and transmission to the reviewing court of the record of the contested case proceeding. Subsection (5) sets out requirements for hearing by the agency of additional evidence and any resulting modification of the challenged order. Subsection (6) provides for agency withdrawal and reconsideration of an order. Subsection (7) sets out the scope of judicial review of an order and establishes standards for review of agency fact finding, matters of agency discretion, and "material error[s] in procedure or failure to follow prescribed procedure." Finally, subsection (8) also sets out the reviewing court's standard of review, as well as the scope of its remedial authority.

Because ORS 183.400 provides that judicial review of rules is to be conducted according to those procedures and requirements, references in ORS 183.482 to "orders" properly may be treated as references to rules. Assuming that is the case, however, it is apparent that not all of the incidents of judicial review of orders that are set out in ORS 183.482 properly are applicable in the context of judicial review of a rule under ORS 183.400.

For example, as noted above, ORS 183.482(2) requires that a petition for judicial review of an order provide specified information that is relevant to the petitioner's standing, under ORS 183.480, to challenge the order.[1] However, ORS 183.480 sets out its own standard for what entities have standing to challenge an agency rule: "any person." Accordingly, the particular requirement in ORS 183.482(2) that a petition "state whether the person was a party to the agency proceeding * * * or is seeking judicial review as a person adversely affected or aggrieved by the order," as provided in ORS 183.480, simply is inapposite.

Similarly, where ORS 183.400 itself sets out the scope of this court's review of an agency rule—namely, the rule itself, statutory provisions authorizing the rule, and relevant portions of the rulemaking record, see ORS 183.400(3)—and itself sets out this court's standard of review, see ORS 183.400(4), the scope of review and standard

---

[1] ORS 183.480 provides that "any person adversely affected or aggrieved by an order or any party to an agency proceeding" may seek judicial review of the order.

of review provisions relating to orders as found in ORS 183.482(7) and (8) also are inapposite and, thus, inapplicable on judicial review of a rule.

A more difficult question is the applicability to rule challenges of ORS 183.482(3). Again, that subsection authorizes an agency to stay an order when the petitioner for judicial review demonstrates that enforcement of the order would cause "irreparable injury to the petitioner" and demonstrates that there is a "colorable claim of error" in the order. Subsection (3) also provides for judicial review, in this court, of an agency's denial of a stay. For the following reasons, I conclude that that portion of ORS 183.482 also properly does not apply to judicial review of a rule.

A petitioner on judicial review who seeks a stay of an order must show "[i]rreparable injury *to the petitioner*." ORS 183.482(3)(a)(A) (emphasis added). An "order" by definition applies only to a named person or persons, and the petitioner for judicial review ordinarily is that named person, some other party to the proceeding, or some other person who is particularly affected or aggrieved by the order. *See* ORS 183.310(5) (defining order); ORS 183.480. In addition, the record of the contested case proceeding is likely to include information that is relevant to the agency's granting of a stay of its order and to this court's review of denial of a stay, that is, information relevant to the question whether the petitioner, in particular, will suffer irreparable injury. *See Von Weidlein/N.W. Bottling v. OLCC*, 16 Or App 81, 83, 514 P2d 560, 515 P2d 936, 517 P2d 295 (1973) (concluding that, under predecessor statute to ORS 183.482(3), which provided for stays by either the agency or the reviewing court, the entity seeking the stay must first seek it from the agency that issued the order because, among other reasons, "[t]he agency will * * * be much more familiar with the facts").

By contrast, a "rule" is defined as an "agency directive, standard, regulation or statement *of general applicability*," ORS 183.310(8) (emphasis added), and a petition for judicial review of the rule may be filed by "any person," ORS 183.400(1). Also by contrast, as a practical matter, the record of a rulemaking proceeding may or may not contain any information regarding the effect of the rule on any *particular*

member of the public. Yet ORS 183.482(3)(a)(A) requires a showing of injury as to "the petitioner" on judicial review. More significantly, because a "rule" applies to the public generally, a showing of injury to a single member or a small cohort of the public—even if demonstrable as to those persons by way of the rulemaking record or other evidence, such as evidence submitted in support of the motion for stay—would appear to be of little legal significance to the validity of the rule as generally applied. Stated another way, where the purpose of a stay is in part to avoid injury to the person or persons affected or subject to official action, a stay of a generally applicable rule logically would require a showing of injury to the entire public, not merely "to the petitioner" on judicial review.

Indeed, ORS 183.482(3)(b) itself requires that, when a petitioner makes the required showing of "[i]rreparable injury *to the petitioner*" under subsection (3)(a)(A), the agency shall grant the stay "unless the agency determines that substantial *public* harm will result if the order is stayed." (Emphasis added.) That proviso demonstrates that the legislature was cognizant of the issue of public harm arising out of a stay of agency action. It is telling, however, that the legislature deemed such harm to be a sufficient reason only for *denying* a stay; again, in the context of the requirements for *granting* a stay, the legislature recognized only injury to a particular petitioner. For that reason as well, where a rule challenge under ORS 183.400 tests the validity of an agency action of general applicability, the requirements for a stay set out in ORS 183.482(3) are simply inapposite in the context of such a challenge.

My conclusion regarding lack of authority for a stay of a rule also is consistent with the purposes of judicial review of a rule under ORS 183.400. It is well settled that the purpose of a rule challenge is to determine the facial validity of a rule, not its lawfulness as applied to a particular individual. *See* ORS 183.400(4) (reviewing court shall declare rule invalid *only* if it violates constitutional provisions, exceeds the statutory authority of the agency, or was adopted without compliance with applicable rulemaking procedures). In *AFSCME Local 2623 v. Dept. of Corrections*, 315 Or 74, 79, 843 P2d 409 (1992), the Supreme Court explained:

"We emphasize at the outset the limited scope of the Court of Appeals' review (and ours) under ORS 183.400. Aside from questions that might arise concerning the facts surrounding the process of adopting a rule * * * judicial review under ORS 183.400 is limited to the face of the rule and the law pertinent to it. Numerous individual fact situations can arise under any rule, but judicial review of the rule as applied to each of those situations is reserved to other forums. ORS 183.400(1). *See, e.g.,* ORS 183.482, ORS 183.484 (providing for judicial review of agency orders in various fact-specific situations). Petitioners' petition for review in this case refers to actions alleged to be occurring pursuant to the rules at issue here, *but the legality of any particular application of the rules is premature, and not subject to review under ORS 183.400.*"[2] (Emphasis added.)

Again, contrary to those principles, in considering a motion to stay a rule under ORS 183.482(3), the agency that adopted the rule (as well as this court on judicial review of denial of the stay) would be required to determine whether the petitioner, in particular, would suffer irreparable injury in the absence of a stay. That determination inevitably would involve consideration of *application* of the rule to the petitioner. As *AFSCME Local 2623* makes clear, the application of a rule to particular facts simply is not at issue at any stage of a rule challenge under ORS 183.400.

Although I have focused on the "irreparable injury to the petitioner" prerequisite to a stay, the requirement that a petitioner seeking a stay demonstrate a "colorable claim of error" also is inapposite in the context of a rule challenge. *See* ORS 183.482(3)(a)(B). A "colorable" claim of error has been described as "something less than a showing that the petitioner is reasonably likely to prevail on appeal," *Evans v. OSP,* 87 Or App 514, 525-26, 743 P2d 168 (1987), and as a

---

[2] As the Supreme Court more recently stated in *Oregon Newspaper Publishers v. Dept. of Corrections,* 329 Or 115, 118, 988 P2d 359 (1999):

"We note at the outset the particular nature of the judicial review that we are conducting. Except for procedural issues not involved in the present case, the scope of judicial review under ORS 183.400 is limited. The reviewing court examines the challenged rules only to determine whether those rules on their face comply with applicable constitutional and statutory requirements. If the rules comply, then any further challenge to them must be made on an 'as applied' basis."

"seemingly valid, genuine, or plausible [claim] of error or substantial and nonfrivolous [claim] of error," *State ex rel Juv. Dept. v. Balderas*, 172 Or App 223, 18 P3d 434 (2001). A validly promulgated agency rule has the force of law, *Haskins v. Employment Dept.*, 156 Or App 285, 965 P2d 422 (1998), and its enforcement should not be enjoined based on a merely plausible or nonfrivolous claim.

The context of a statute also includes its earlier versions. In this case, prior versions of the applicable statutes support the understanding that, ORS 183.482(3) notwithstanding, stays are not available in rule challenges under ORS 183.400. As initially enacted in 1957, the Administrative Procedures Act (APA) divided agency actions into two groups: rules and final "decisions" in contested cases. Or Laws 1957, ch 717, §§ 3, 8. The APA authorized review of any "final decision in a contested case" in circuit court. Or Laws 1957, ch 717, § 12. It also specifically authorized either the agency or the court to issue a stay pending review of a final decision in a contested case, and it set out the terms on which a stay could be granted. Or Laws 1957, ch 717, § 12(3).[3]

Regarding rules, the APA provided that "[t]he validity of any rule may be determined upon a petition for a declaratory judgment thereon filed as provided in ORS chapter 28 for declaratory judgment in actions at law or suits in equity." Or Laws 1957, ch 717, § 6(1). Like the current version, the 1957 statute did not expressly authorize either the agency or the reviewing court to stay the effect of a rule pending review. However, to the extent that the reviewing court was a circuit court, such courts may have had stay authority by virtue of the applicability of ORS 32.010 to ORS 32.060 (1957)[4] to all trial court proceedings. Even assuming that that is the case, however, such authority could not have survived the 1975 transfer of jurisdiction over rule challenges from circuit court to this court. Accordingly, nothing in the prior versions of ORS 183.400 and ORS 183.482 suggests

---

[3] Oregon Laws 1957, chapter 717, section 12(3), provided that "[t]he filing of the petition shall not stay enforcement of the agency decision, but the agency may do so, or the reviewing court may order a stay upon the giving of a bond or other undertaking or upon such terms as it deems proper."

[4] The current provision allowing injunctive relief is now found at ORCP 79.

that this court *currently* has statutory authority to stay the effect or enforcement of a rule.

Finally, my conclusion that stays are not available in the context of ORS 183.400 rule challenges is consistent with the Supreme Court's decisions in two cases decided after jurisdiction to hear challenges to rules and orders in contested cases was transferred to the Court of Appeals. In *Hay v. Dept. of Transportation*, 301 Or 129, 719 P2d 860 (1986), several state agencies, acting pursuant to OAR 736-024-0005, closed Cannon Beach to vehicular traffic. The plaintiffs, owners of a motel adjacent to Cannon Beach, filed a complaint in circuit court against the agencies, alleging nuisance and trespass. The circuit court granted the agencies' joint motion to dismiss on a number of grounds, including the ground that the complaint was a collateral attack on a rule and therefore must be brought in this court under ORS 183.400. The plaintiffs appealed, we affirmed, and the Supreme Court allowed review.

In considering whether ORS 183.400 provides the exclusive means for challenging the validity of a rule, the Supreme Court quoted from a law review article explaining the shortcomings of that approach:

" 'All of these difficulties [with APA judicial review] are perhaps best illustrated by a hypothetical, but entirely plausible, scenario. Assume that the state departments of health and forestry decide to spray insecticides over private lands to prevent the spread of fruit flies. They issue nothing more than a directive instructing their staff members to carry out the spraying. [The article then notes that a person challenging that agency directive would not be entitled to recover damages pursuant to ORS 183.400 for any harm that he or she suffered.] What if the property owner learned beforehand that the agencies were going to spray and wanted to stop them from doing so? *Injunctive relief is not available for review of rules under section 183.400, although the court of appeals could, if it invalidated the rule, enter a protective order under ORS 183.486(2) pending further agency proceedings.* In short, whether the property owner sought money damages or an injunctive relief, the circuit court would provide the only effective forum.' " *Id.* at 137-38 (quoting Barbara Safriet, *Judicial Review of Government*

*Action: Procedural Quandaries and a Plea for Legislative Reform*, 15 Envtl L 217, 239-40 (1985)) (emphasis added).

The court observed that "Professor Safriet well describes the dilemma facing these plaintiffs," who sought to challenge a rule in the context of a trespass action rather than by a petition under ORS 183.400. *Id.* at 138. In ruling that the collateral attack in circuit court was permissible "when a party places a rule's validity at issue in a separate civil action," the *Hay* court thus appeared to accept Safriet's premise that ORS 183.400 does not authorize courts to provide either compensatory or injunctive relief. *Id.* at 138.

When the court returned to a similar issue in *Alto v. State Fire Marshal*, 319 Or 382, 394, 876 P2d 774 (1994), it again began from the premise that injunctive relief would have been unavailable if the plaintiffs had brought a rule challenge in this court pursuant to ORS 183.400(1). In *Alto*, the plaintiffs brought an action to obtain a declaration in accordance with their interpretation of the meaning of the term "at retail" in ORS 480.330 and ORS 480.340 and to enjoin enforcement of the statutes and rules by the fire marshal that were at odds with their suggested interpretation. The trial court issued a declaration that the fire marshal's rules interpreting the statutes were invalid and granted the injunction, thus requiring the fire marshal to enforce the statutes according to the plaintiffs' interpretation of them. On appeal before this court, the fire marshal contended that the trial court had lacked jurisdiction because the plaintiffs' claim was solely a challenge to the validity of an administrative rule and thus should have been brought in the Court of Appeals under ORS 183.400. This court rejected that argument, agreeing with the plaintiffs that the trial court had had jurisdiction because "[t]he complaint meets *Hay*'s requirement of a 'separate civil action' that seeks relief, such as injunctive relief, that is broader in scope than the invalidation of a rule on its face." *Alto v. State Fire Marshal,* 121 Or App 543, 549, 855 P2d 649 (1993).

The Supreme Court reversed, concluding that the challenge should have been brought under ORS 183.400, but only because the plaintiffs had not actually sought additional relief. The court found that injunctive relief, the only claim

additional to the claim for a declaration that the rule was invalid, was unnecessary because, at the time the complaint was filed, the challenged administrative rules had not yet gone into effect. Under those circumstances, temporary injunctive relief pending judicial review was unnecessary, and permanent injunctive relief would likewise be unnecessary "because we assume that the defendant state agency will, in the absence of an injunction, follow the law as a court decides it on review of the validity of a rule under ORS 183.400." *Alto*, 319 Or at 395. However, the court did not disturb its holding in *Hay* that a challenge to a rule's validity was permissible in circuit court so long as the action also sought a remedy that would be unavailable in a challenge under ORS 183.400(1). Nor did the *Alto* court contradict the implication in *Hay* that temporary injunctive relief is unavailable in a rule challenge under ORS 183.400.

Thus, under *Hay*, temporary or preliminary relief from the effect or enforcement of a rule may be sought by way of an independent civil action, when the party seeking relief also is challenging the validity of the rule. Because a stay constitutes such relief, I conclude for that reason as well that a stay is *not* available under ORS 183.400. It makes sense to say, as the Supreme Court did in *Hay*, that a party to a civil action may, incidental to other claims properly before the court, obtain relief from the effect or enforcement of an administrative rule that aggrieves that party on an "as-applied" basis. A judgment rendered in such an action is case specific and may or may not have a broader preclusive application, depending on the array and alignment of the parties. Rule challenges under the APA are fundamentally more restrictive; they are limited *by statute* to facial challenges to the validity of the rule. ORS 183.400; *AFSCME Local 2623*, 315 Or at 79. Because the legislature has made a policy judgment that administrative rules may not be invalidated as concerns the public as a whole based solely on their application to individual circumstances, the effect or enforcement of a rule logically could not be stayed based solely on the threat of harm or injury to an individual grievant.

In summary, my analysis of the text and context of ORS 183.400, including ORS 183.482, prior versions of the APA, and relevant Supreme Court decisions, discloses that

the legislature did not intend for this court to grant a stay of a rule in the context of a rule challenge under ORS 183.400. It follows that the legislature also did not intend for this court to do so by way of an exercise of inherent authority. *See State ex rel MVD v. Norblad*, 320 Or 307, 314, 882 P2d 598 (1994) (court's review of applicable statutory scheme revealed no statutory basis for trial court's action; trial court therefore also lacked inherent authority in that regard); *State v. Person*, 316 Or 585, 591-92, 853 P2d 813 (1993) (although statute providing for authority of trial court to grant continuances was not a "model of precision," reviewing court was able to discern its intended meaning from its text and therefore declined to also read into statute additional "inherent" authority of trial court in that regard; citing ORS 174.010); *State v. Trice*, 146 Or App 15, 21, 933 P2d 345, *rev den* 325 Or 280, 936 P2d 987 (1997) (when the legislature established its statutory scheme for imposition of concurrent and consecutive sentences, it "intended to eliminate any 'inherent authority' that the court might have [had]" in that respect). Because the majority also denies petitioner's motion for a stay, I concur.